# BRYAN *v.* CURTIS.

---

APPELLATE PRACTICE; PARTIES; INJUNCTIONS; EQUITY PRACTICE; DEMURRERS.

1. Where an appellate court finds that an indispensable party whose interests are directly involved has not been made a party to the pro-

ceeding, the rule is to reverse and remand the case in order that the defect may be cured.

2. Where a trustee in bankruptcy of a deceased party, who had filed an Indian depredation claim in the court of claims, and whose administrator had been substituted as plaintiff in that court, filed a bill in equity against the administrator and the Secretary of the Treasury to recover an appropriation made to pay the claim, in order that it might be administered according to the bankruptcy law, and to restrain the Secretary from paying the appropriation to the administrator, and a temporary injunction against the Secretary was granted, whereupon the administrator appeared specially and objected to the jurisdiction of the court, and moved to vacate an order of publication which had been made, on the ground of nonresidence, while the Secretary demurred to the bill on the ground that an administrator appointed by the court of another jurisdiction is not amenable to suit in this jurisdiction, and that such a claim against the United States is not assignable in bankruptcy but passes only in administration proceedings,—a decree sustaining the demurrer of the Secretary, and dismissing the bill, was *reversed* on an appeal by the complainant, and the case remanded in order that the motion of the administrator might be acted upon and a final decree rendered settling, as far as practicable, the rights of all parties (following *Roberts* v. *Consaul*, 24 App. D. C. 551); and it was *held* that whether the temporary injunction should be continued was within the discretion of the trial court; but it was intimated that such an order might well be made if necessary to preserve the subject-matter of the litigation; and each party to the appeal was required to pay one half of the costs in this court.

No. 1551. Submitted May 25, 1905. Decided June 13, 1905.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia sustaining a demurrer of one of two defendants and dismissing a bill in equity for an injunction and for other relief.      *Reversed.*

The COURT in the opinion stated the case as follows:

The bill in this case was filed by Morgan Bryan, trustee, against Alice V. Curtis, administratrix, and Leslie M. Shaw, Secretary of the Treasury, on May 31, 1904, in the supreme court of the District of Columbia.

It alleges, substantially, that on August 15, 1893, William

R. Curtis filed two suits in the court of claims for depredations committed by the Indians, under the act of Congress providing therefor, approved March 3, 1893.

That on May 17, 1899, said William R. Curtis, who lived in the northern district of Texas, was duly adjudged a bankrupt in the course of proceedings instituted in the United States district court therefor, and complainant was regularly appointed trustee of his estate.

That said Curtis afterwards died intestate, and Alice V. Curtis was duly appointed administratrix of his estate by the probate court of the State of Texas having jurisdiction thereof.

That on March 29, 1902, the said administratrix was, upon motion of the court of claims, substituted as a party plaintiff in the suits aforesaid instead of the said William R. Curtis, deceased.

That on June 1, 1903, complainant filed in each of said suits certified copies of the order appointing him trustee as aforesaid, and of his bond given in obedience thereto, and notified the counsel for the plaintiff therein of the same in accordance with the provisions of the bankruptcy act. That no notice thereof was taken, and the court of claims, without actual knowledge of the fact, rendered judgment in each case in favor of the said administratrix.

That said judgment, excluding the portions adjudged to the plaintiff's attorneys under their contracts, amounted together to about the sum of $5,786. That on April 19, 1904, complainant filed a petition in said cases setting up the proceedings in bankruptcy aforesaid, and asked that said judgments be reopened, and that he be substituted in the stead of said William R. Curtis, to the exclusion of said administratrix, and that the judgments be entered in his favor as trustee. That the court of claims refused said prayer on the ground that the contest between the parties could not be waged in that court, but in a court of equity alone, and dismissed the petition without prejudice.

That on April 27, 1904, Congress appropriated money for the

payment of said judgments among others; and the Secretary of
the Treasury is authorized and ready to pay the same.

That, by virtue of said proceedings in bankruptcy, all the
right, title, and interest of said William R. Curtis, passed to and
vested in complainant as trustee; and that the appointment of
the administratrix aforesaid vested no title in her and gave her
no right to collect the said judgments.

The prayers were that said defendants be made parties; that
said Shaw be restrained from making payment to said adminis-
tratrix; that complainant be decreed to be entitled to collect
and receive the payment of said judgments, to be administered
according to the p rovisions of the bankrupt act; that defendant
Shaw, as Secretary of the Treasury, be authorized and directed
to pay over to complainant the full amount of said judgments;
and that said administratrix, her attorneys and agents, be for-
ever restrained and enjoined from collecting and receiving the
same.

A demurrer was filed by the defendant Shaw, on the grounds
of the want of equity in the bill; that he could not be sued as an
officer of the United States for whom he acted; and that the
defendant, Alice V. Curtis, is shown to be a resident of the
State of Texas, and there is no averment that she has any prop-
erty or credits in the District of Columbia other than the
judgments aforesaid.

The answer of the rule to show cause why the injunction
should not issue, sets up the proceedings in the court of claims,
and the nonresidence of the said administratrix, with the con-
sequent want of jurisdiction over her and the funds in con-
troversy.

An amendment to the bill avers the residence of the adminis-
tratrix in the State of Texas, and asks for an order of publica-
tion against her.

The appointment of a receiver was also prayed for. The
restraining orders prayed for were granted; also the order of
publication; but the appointment of a receiver was denied.

Alice V. Curtis, administratrix, appeared specially for the
purpose of objecting to the jurisdiction of the court, and her

sworn motion [to vacate the order of publication] alleges the
fact concerning her residence and administration in Texas, and
that she has never taken out letters of administration in the
District of Columbia.

Without acting upon, or disposing of, this motion, the de-
murrer of the said Shaw was heard and sustained, and the bill
dismissed with costs. From this decree the complainant has
appealed.

*Mr. George E. Hamilton, Mr. Michael J. Colbert,* and *Mr.
John J. Hamilton* for the appellant.

*Mr. Morgan H. Beach,* United States Attorney for the Dis-
trict of Columbia, and *Mr. Charles A. Keigwin* and *Mr. Jesse
C. Adkins,* Assistants, for the appellee the Secretary of the
Treasury.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

We are constrained to reverse the decree in this case, without
disposing of the substantial questions involved in the contro-
versy, for reasons similar to those which governed in the recent
case of *Roberts* v. *Consaul,* 24 App. D. C. 551.

That case involved the title to certain funds in the Treasury
of the United States, and the Treasurer, instead of the Secre-
tary, was made a party defendant. The other claimant of the
fund, to whom the Treasurer was about to make the payment in
accordance with the appropriation act of Congress, was a non-
resident, and had not been served with process in any manner.
The judgment of the court of claims was in his favor, and he
claimed in his own right, therefore, and not as administrator,
as the claimant here does.

The Treasurer demurred upon substantially the same grounds
presented in that of the Secretary in this case, except as to the
matter of foreign administration. The demurrer was overruled,
and that decree was sustained upon appeal; on the ground that,

as between the Treasurer on the one hand and the complainant on the other, the fund had a locality in the District of Columbia which, as between them, brought it under the jurisdiction of the court.    The Treasurer having no interest in the controversy, the decree was, in effect, interlocutory merely, and the final question of jurisdiction over the fund, as between the real claimants, remains to be decided after the other defendant shall have been brought before the court by proper process.

In this case notice was given by publication to the real party defendant, but she appeared specially for the single purpose of objecting to the jurisdiction, and her motion or plea has never been acted upon.

The Secretary of the Treasury is not the representative of her interests, yet the contentions on his behalf in support of the decree dismissing the bill are founded thereon.    These are: "1. An administratrix appointed by a court of another jurisdiction is not amenable to suit in the District of Columbia.    2. A claim against the United States under the Indian depredation act is not assignable in bankruptcy, but passes only in administration proceedings.'

Now, while the administratrix has the full benefit of the dismissal of the bill, she is not in a situation to be concluded by the present determination of these questions.    At the same time, their determination would seriously affect her interests if adverse thereto.    The situation is analogous to that where an appellate court finds that an indispensable person, whose interests are directly involved, has never been made a party to the proceeding.    In such cases the rule is to reverse and remand the cause in order that the defect may be cured.    *Hoe* v. *Wilson,* 9 Wall. 501, 504, 19 L. ed. 762, 763.    The questions raised are both important and difficult, and; without intimating any opinion whatever in regard to them, the decree will be reversed and the cause remanded, in order that the motion of the administratrix may be acted upon, and a final decree rendered settling, as far as practicable, the rights of all parties concerned.

Whether the order restraining the collection of the money appropriated for the payment of the judgments shall be con-

tinued in force until a final determination of the issues between the trustee and the administratrix, in this jurisdiction or in any other if the trustee be so advised, is a matter which, under the circumstances, must be remitted to the exercise of the discretion of the trial court.

It would seem, however, that such an order might well be made if necessary to preserve the subject-matter of the litigation, with ample provision for indemnity against any injury that might accrue.

In accordance with these views, the decree will be reversed with costs, to be paid, one half by each of the parties to this record, and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.        *Reversed.*