FOUGERES et al. v. JONES et al.

(Circuit Court, D. Indiana.    February 18, 1895.)

No. 8,819.

1. PATENTS—INVENTION—THILL COUPLINGS.
    The Blair patent No. 334,842, for an improvement in anti-rattlers for
    thill couplings, is void for want of invention.

2. EQUITY PRACTICE.
    The court may, of its own motion, dismiss a bill because it fails to state
    facts sufficient to give any right to relief.

This was a bill by Louis H. Fougeres and James M. Haas against William P. Jones and Elmer E. Stephenson for infringement of a patent.

V. H. Lockwood, for complainants.

Chester Bradford, for defendants.

BAKER, District Judge. This is a suit for an injunction and for the recovery of damages for the alleged infringement of letters patent No. 334,842, issued January 26, 1886, to one George W. Blair, for an alleged improvement in anti-rattlers for thill couplings. The bill contains nothing beyond general allegations to show that the combination claimed involved invention. The defendants, by their answer, insist that the patent is void for the following reasons: (1) The production of the combination claimed does not involve invention; (2) the subject-matter of it was anticipated in the prior art; (3) anticipation by prior manufacture and use; (4) the patentee was not the original inventor; (5) the combination could not be validly granted in the present patent, inasmuch as all of its elements except one are shown in a prior patent to the same inventor, and the additional element was old and well known. In the case of Fougeres v. Murbarger, 44 Fed. 292, the validity of this patent came before this court for consideration on a demurrer to the bill, which was sustained. The specifications and claim are there set forth at length, and for that reason are omitted here. After argument and careful deliberation the court there held that the letters patent in question for an improvement in anti-rattlers for thill couplings consisting of a bent plate, which had been used before, with the addition of another plate, were void for want of novelty. The bill in this case is as barren of specific averments tending to show invention in the patented device as the bill was in that case, and, although no objection to its sufficiency has been made by the defendants, the court may, sua sponte, dismiss the bill because it fails to state facts sufficient to give any right to relief. The present bill cannot be supported without overruling the former decision of the court. This the court cannot do, as it seems to it to have been well decided.

Passing from the bill to the case made by the proofs, it seems to me the situation of the complainants is in no respect improved. Devices similar to that of the complainants are old; the forming of such devices made from a plate of steel bent upon itself so as to have two arms is stated in the patent to be old; the forming of a curved bearing face for the eye of the thill iron on the outer or front arm of the device is also old; the turning of the parts of the plate to make a sharp bend or curve is old; the forming of the outer or front arm of the device with a double-curved face, and with a corrugated rib or projection between, is old; and the means of supporting the device against downward movement by extending the top piece to rest upon the jack clip is old. In view of the prior art, and the concession in the body of the patent that anti-rattlers had theretofore "been made of single plates of steel, bent in vari-

ous forms," it cannot be claimed that the combination in question exhibits such novelty as amounts to invention. These considerations make it unnecessary to examine the other grounds of defense. The bill will therefore be dismissed for want of equity, at the cost of the complainants.