## SMITH et al. v. CUSHMAN MOTOR WORKS, Inc.

No. 13996.

United States Court of Appeals
Eighth Circuit.

Jan. 12, 1950.
Rehearing Denied Feb. 1, 1950.

Herman Ginsburg, Lincoln, Neb. (Joseph Ginsburg, Lincoln, Neb., on the brief), for appellants.

Robert Van Pelt and Warren K. Dalton, Lincoln, Neb. (J. Rufus Strough, Lloyd J. Marti, and Joseph P. O'Gara, Lincoln, Neb., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellants in this case are citizens and residents of Vancouver, British Columbia, Canada, and engaged as partners under the firm name of Vancouver Motor Scooter Sales. The appellee, the Cushman Motor Works, Inc., is a corporation, domiciled in Lincoln, Nebraska, and engaged in the manufacture and sale of Cushman motor scooters. Appellants brought this action to recover damages for the breach of an alleged contract with appellee for the purchase of Cushman motor scooters.

The parties to the alleged contract, as shown by the complaint and its exhibits, were Cushman Overseas Company and appellants. The contract was evidenced by letters in which the Cushman Overseas Company accepted appellants' order for certain Cushman motor scooters. The Cushman Overseas Company was engaged in business in New York City. Its letterhead bore the notation, "Export Department for Cushman Motor Works, Lincoln, Neb., U. S. A."

Appellee's answer denied the allegations of the complaint and alleged that Cushman Overseas Company was not a department of the Cushman Motor Works, Inc., nor an agent of appellee authorized to bind appellee by the contract sued on. The appellee demanded a trial by jury, but appellants did not.

When the case came on for trial, the judge of the District Court announced that the first question confronting the court was whether there was a contract between the parties to the action as alleged in the complaint. The court said: "That is a question for the court, rather than for the jury, so I have concluded to proceed to try the question first as to whether or not there was a contract. When we determine that, we will know whether or not we need a jury."

Neither party objected to this ruling of the court. Counsel for appellants consented to proceed as the court had ruled. A complete trial followed, at the conclusion of which the court found that Cushman Motor Works, Inc., never entered into any contract for the sale of motor scooters to appellants, and never consented that appellants should act as its sales agent in Vancouver. The court further found that the Cushman Overseas Company had no authority to bind the appellee on a contract for the sale of motor scooters to appellants or on an agreement to appoint appellants sales agent for appellee. The court concluded as a matter of law that no contractual relationship existed between appellants and appellee as alleged in the complaint, and entered an order dismissing the action.

■ Although appellants' assignments of error are stated in various ways in the record and in the briefs, they present on analysis only two grounds for reversal. The first is that the District Court was without power to dismiss the action, in the absence of a motion to that effect on the part of the appellee. This assignment is so obviously without merit that it requires no discussion. The second assignment is that the court committed reversible error in failing to submit to a jury the issue as to the existence of the contract sued on. The answer is that the appellants not only never demanded a jury as required by Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A., but consented to a trial of the case before the court, as also did the appellee. Appellants do not argue that the findings of fact of the trial judge concerning the existence of the contract sued

on were clearly erroneous under Rule 52 of the Rules of Civil Procedure. On the contrary, they take no exceptions to any of the findings by the trial court; but, admitting that the question of whether there was a contract was a question of fact on which the evidence was in dispute, they insist that the court should have submitted that issue to a jury. Appellants having waived a trial by a jury are in no position now to complain that the court decided against them the question submitted to it.

The judgment of the District Court is affirmed.