**Floyd SMITH, Appellant,**

v.

**Kenneth BUCK and Kenneth Binder, Appellees.**

**No. 15323.**

United States Court of Appeals Ninth Circuit.

June 7, 1957.

Lenske, Spiegel & Spiegel, Reuben G. Lenske, David M. Spiegel, Portland, Or., for appellant.

Maguire, Shields, Morrison & Bailey, William Morrison, Howard K. Beebe, Portland, Or., for appellees.

Before STEPHENS, POPE and LEMMON, Circuit Judges.

POPE, Circuit Judge.

This was an action to recover damages for personal injuries due to negligence, and was based on diversity of citizenship.

On October 31, 1955, as plaintiff Smith was driving his car east over a mountainous portion of Oregon State highway 26, he encountered snow and stopped on the right hand edge of the road to put chains on his tires. Defendants' truck with trailer attached came up behind his car and attempted to pass. As it did so, moving very slowly, the trailer portion of the vehicle slid to the right and into Smith's parked car, pinning him against his rear left fender and causing the injuries complained of. The evidence tended to show that the trailer slid in that manner because at the place where Smith was stopped the road curved sharply to the right, and was banked for such a turn. When the truck and trailer passed at that speed there was insufficient momentum to keep the trailer in line with the truck on the snow-covered road, and

it slid down the slope of the road and into Smith.

The evidence was in conflict as to how much room defendants' truck had in which to pass. Exactly opposite Smith's car, on the shoulder of the road, another car had stopped when snow made it also lose traction. Some witnesses estimated the distance between the two cars as 40 feet; others said it was less. But the evidence was that the driver of another truck who had gone to the help of the driver of the car opposite Smith's had by motion stopped traffic coming from the opposite direction and then signaled to defendants' driver to come ahead, and that the latter did so with the whole of the space between the two cars available to him.

The trial court dismissed the case at the close of plaintiff's evidence on the ground that there was no showing of negligence.

There was evidence that defendants' truck could have stopped before proceeding between the two parked cars. Whether the failure thus to stop or to put on chains was negligence; whether defendants' driver should have foreseen the possibility of the trailer skidding as it did, and should have passed Smith's car by pulling farther to the left; and whether under the circumstances the truck was operated in a negligent manner were questions for the jury, for reasonable men could conclude that there was negligence on the part of the truck driver.

It is argued that the judgment can be sustained on the ground that Smith was guilty of contributory negligence as a matter of law. He had stopped in plain sight of traffic from both directions, with the right wheels of his car two to four feet from the right hand guard rail, under conditions permitting an inference that it was necessary to do so, as his car lost traction when he reached the snow. This also presents a question for the jury.

In considering a case of this kind, we should take note of the precedents established by the Supreme Court as to when it is proper to take a case from the jury. For although this is a diversity case, it was tried in a federal court where considerations relating to the Seventh Amendment must prevail. It is incumbent upon us to be guided by such cases as Williams v. Carolina Life Insurance Co., 348 U.S. 802, 75 S.Ct. 30, 99 L.Ed. 633, and Gibson v. Phillips Petroleum Co., 352 U.S. 874, 77 S.Ct. 16, 1 L.Ed.2d 77.[1]

The judgment is reversed and the cause remanded for further proceedings in the district court.

---

1. For an interesting discussion of whether this problem, in a diversity case, presents a question of federal law, see Reynolds v. Pegler, 2 Cir., 223 F.2d 429, 433.