SAFEWAY STORES, Appellant,

v.

Marvin FANNAN, Appellee.

Marvin FANNAN, Appellant,

v.

SAFEWAY STORES, Appellee.

No. 17315.

United States Court of Appeals
Ninth Circuit.

Sept. 11, 1962.

Tooze, Powers, Kerr, Tooze & Morrell, Lamar Tooze and Edwin J. Peterson, Portland, Or., for appellant-appellee Safeway Stores, Inc.

Pozzi, Levin & Wilson and Philip A. Levin, Portland, Or., for appellee-appellant Marvin Fannan.

Before CHAMBERS, Chief Judge, DUNIWAY, Circuit Judge, and JAMES M. CARTER, District Judge.

JAMES M. CARTER, District Judge.

This case presents the question as to whether or not in a situation where a defendant has made a motion for a directed verdict, the Court may, on its own motion, grant a dismissal without prejudice. There is also presented the question as to whether or not the plaintiff's proof was sufficient to entitle him to go to the jury.

Cross appeals are presented. Marvin Fannan, plaintiff below, appeals from an order of dismissal without prejudice under Rule 41(b), F.R.Civ.P. 28 U.S.C.A.[1] Safeway Stores Inc., defendant below, appeals from the refusal of the trial court to grant its motion for a directed verdict under Rule 50, F.R.Civ.P.[2]

Fannan, hereinafter called plaintiff, brought a tort action against Safeway Stores Incorporated, hereinafter called defendant, in the District Court, based on diversity of citizenship and a controversy exceeding $10,000.00.

The case was tried to a jury. The following facts appear from the record. On Monday morning, November 30, 1959, the plaintiff, accompanied by his sister, entered the store of the defendant. Plaintiff and his sister were the first customers to enter the store on the day of the accident.

---

1. "(b) Involuntary Dismissal: Effect thereof. * * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction or for improper venue, operates as an *adjudication upon the merits*." [Emphasis added]

2. "Rule 50. Motion for a Directed Verdict "(a) When Made: Effect. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor."

Plaintiff, preceded by his sister, was walking down an aisle in the store, when he stepped on a pencil, slipped and fell. As a result of this fall the plaintiff injured his left leg.

No testimony was presented by the plaintiff to explain the presence of the pencil on the floor of the defendant's store.

After the plaintiff rested, the defendant in the absence of the jury, moved the court, under Rule 50, F.R.Civ.P., for an order directing the jury to return a verdict in favor of the defendant.

The basis of the defendant's motion was that, (1) there was no evidence tending to prove that the defendant was negligent, (2) there was no evidence tending to prove or proving that any act of the defendant was the proximate cause of the injury received by the plaintiff, and (3) that as a matter of law the plaintiff was contributorily negligent. The motion was then argued by both parties.

The record is brief and shows what next occurred:—

"The Court: " * * * I'm content to say for the record in this case I have never seen a plainer case that was more speculative in the causation of the accident than this case. I grant the motion for dismissal.

"Mr. Wilson: [Plaintiff's counsel] I take exception to the Court's ruling and order a transcript of the testimony.

"The Court: You certainly may have it.

"Mr. Tooze: [Defendant's counsel] If your Honor please, I have already furnished the Court with a form of verdict. I think it will probably need to be amended.

"The Court: This is an order of dismissal.

"Mr. Tooze: I see.

"The Court: Rule 41 provides that after the plaintiff has completed presentation of his evidence the defendant, without waiving his right to offer evidence in the event of the motion not granted, may move for dismissal on the grounds that upon the facts and the law the plaintiff has shown no right to relief. That's the way I feel about it. * * * "

At this point the jury returned to the court room, and the following proceedings occurred:

"The Court: Members of the jury, you have been called today and selected to sit on a case and try the case before the Court. * * * During your absence the defendant has made a motion pursuant to the Rules of Federal Civil Procedure for an order of dismissal on the grounds and for the reason that the plaintiff's case, taking it as it now stands, shows no grounds in either law or fact that relief could be granted."

The record does not show it, but there was set forth in the briefs and conceded at oral argument, that the following occurred:—The attorney for the defendant Safeway, presented a written order for dismissal under Rule 41(b), F.R. Civ.P. It did not contain the words, "without prejudice" and had it been signed as presented would have been an adjudication on the merits. The trial judge prior to signing the order, added "without prejudice". Thus, under Rule 41(b), F.R.Civ.P., the order did not become an adjudication on the merits.

Defendant moved to amend the judgment by striking therefrom the words "without prejudice". The motion was denied. Defendant appeals "from such part only of the judgment of dismissal * * * as dismissed this action without prejudice and also from the order denying defendant's motion to amend the said judgment of dismissal * * *". Plaintiff appeals from the judgment of dismissal.

(1) *Was plaintiff entitled to have his case go to the jury?*

In Moore's Federal Practice, Vol. 5, Sec. 38.10, p. 102, it is stated that:

"The *elements of plaintiff's prima facie case*, or of defendant's defense, must be determined by applicable local law in a case involving only nonfederal matters. But the sufficiency of certain evidence to raise a question of fact for the jury, or for the court where trial is without jury, should not be controlled by state law." [Emphasis added]

This rule is followed in the Ninth Circuit,[3] and in the Fourth, Fifth and Tenth Circuits.[4]

We think the Supreme Court in Byrd v. Blue Ridge Rural Elec. Cooperative Inc., [1958] 356 U.S. 525, 533–540, 78 S.Ct. 893, 2 L.Ed.2d 953, in a different factual and procedural situation has reached the same result.

But as to elements of plaintiff's cause of action, in this diversity case, in our examination of the facts, we must apply the substantive law of Oregon, Erie R. Co. v. Tompkins, [1938] 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

█ Thus procedurally, the question of the *quantum* of proof necessary to sustain a cause of action, and thus justify a denial of a motion for a directed verdict or motion for dismissal must be decided on the basis of federal and not state law. But, whether the proof shows the *necessary elements* of a cause of action is a question to be determined by state law.

In Cowden v. Earley, 1958, 214 Or. 384, 327 P.2d 1109, the Supreme Court of Oregon stated the law concerning debris cases as follows:

"An invitee who is injured by slipping on a foreign substance on the floor or stairs of business property must, in order to recover from the occupant having control of said property, show either:

"(a) that the substance was placed there by the occupant, or

"(b) that the occupant knew that the substance was there and failed to use reasonable diligence to remove it, or

"(c) that the foreign substance had been there for such a length of time that the occupant should, by the exercise of reasonable diligence, have discovered and removed it."
327 P.2d p. 1111.

There was no evidence presented by the plaintiff, from which it could be concluded, or inferred, that the defendant, or its agents placed the pencil on the floor of the store. Nor was there any evidence which would show, or which could be inferred, that the defendant or its agents, had knowledge that this particular pencil was on the floor.

Plaintiff made a showing that he was the first customer in the store of the defendant. Thus, plaintiff attempts to create the inference that the pencil must have been on the floor for a period of time and therefore the defendant should have discovered and removed it.

But there must be a showing as to the length of time that the pencil was on the floor. Mere speculation must not be allowed to take the place of probative facts. There was no proof as to when the floor was last swept or even whether the store was open on Sunday, the day preceding. The evidence of the plaintiff leads to mere speculation as to the length of time that the pencil was on the floor of the defendant's store.

3. Smith v. Buck, [9 Cir. 1957] 245 F.2d 348, 349; Allen v. Matson Navigation Company, [9 Cir. 1958] 255 F.2d 273, 277; State of Washington v. United States, [9 Cir. 1954] 214 F.2d 33, 40; Phipps v. N. V. Netherlandsche, [9 Cir. 1958] 259 F.2d 143.

4. Pogue v. Great Atlantic & Pacific Tea Company, [5 Cir. 1957] 242 F.2d 575, 582; Diederich v. American News Co., [10 Cir. 1942] 128 F.2d 144; Basham v. City Bus Co., [10 Cir. 1955] 219 F. 2d 547, 52 A.L.R.2d 582; Miller v. Irby, [10 Cir. 1955] 227 F.2d 942; Davis Frozen Foods v. Norfolk Southern Ry., [4 Cir. 1953] 204 F.2d 839, 842. See the dissent of Judge Pope of the Ninth Circuit, sitting pro tem. on the Sixth Circuit, Trivette v. New York Life Insurance Company, [6 Cir. 1960] 283 F.2d 441, 443; cert. den. 368 U.S. 838, 82 S. Ct. 33, 7 L.Ed.2d 38.

It would appear that in those debris cases in which the plaintiff has recovered, there has been evidence presented linking the defendant, or its agents, to the debris, or in the alternative evidence showing that the debris was on the floor for an unreasonable length of time.[5]

■ The plaintiff failed in his proof as to the elements of his claimed cause of action, Cowden v. Earley, (supra). He was not entitled to have his case go to the jury. We do not reach the question as to *quantum* of proof under the Federal Rule.

(2) *Did the trial court err in ordering the dismissal "without prejudice" and in refusing to amend the judgment of dismissal?*

Rule 59(e), F.R.Civ.P., provides for a motion to alter or amend a judgment. Although orders *granting* a motion to modify or amend a judgment are appealable, Cyc. of Federal Procedure, 3rd ed., Reviewable Judgments, Sec. 57.61 p. 163, there seems to be a question as to whether orders *denying* such motions are appealable. In Walker v. Bank of America, [9 Cir., 1959] 268 F.2d 16; cert. den. 361 U.S. 903, 80 S.Ct. 211, 4 L.Ed.2d 158, this court held that an order denying a motion to amend a judgment under Rule 59(e) "is appealable, but only on the question of whether there has been a manifest abuse of discretion," (268 F.2d p. 25.)

There is no question but the appeal is timely on either ground.

We think that the real significance of the motion to amend and the order thereon, shows that the trial court was aware of the effect of his action and that the dismissal without prejudice, instead of a directed verdict, was not done inadvertently.

There is thus squarely presented the question as to whether a trial court may, after a motion for directed verdict has been made, in substance make on its own volition, a motion for dismissal and grant the same.

We note that Rule 41(b), F.R.Civ.P., contemplates, in addition to the dismissal on motion of the defendant for failure to prove a claim, a "dismissal not provided for in this rule."[6]

The motion that was made was for a directed verdict. While such a motion is not directly authorized by the Federal Rules of Civil Procedure, its use is clearly contemplated by Rule 50(a). Rule 50, while it is entitled "motion for directed verdict" and while it talks about what happens when such a motion is made, does not expressly authorize the motion, although it clearly implies that such a motion is proper. In contrast, Rule 41, subdivision (b) expressly authorizes a motion for dismissal after the plaintiff has completed the presentation of his evidence, without waiver of the defendant's right to offer evidence in the event the motion is granted. The ground is that upon the facts and the law, the plaintiff has shown no right to relief. What is this, but the old motion for a directed verdict under a new label? (See Kingston v. McGrath, 9 Cir., 1956, 232 F.2d 495, 497). Under these circumstances, we find no difficulty in applying Rule 41 to such a motion.

Carnegie Nat. Bank v. City of Wolf Point, [9 Cir. 1940] 110 F.2d 569, involved a dismissal for want of prosecution on the court's own motion. We noted that Rule 41(b) of the F.R.Civ.P., does not provide for any dismissal by the court of its own motion, (110 F.2d p. 572). We found no difficulty in justify-

5. See: 61 A.L.R.2d 6 and 110. Compare: Sears, Roebuck & Co. v. Peterson, [8 Cir. 1935] 76 F.2d 243, (proof showing employee responsibility); Hesse v. Mittleman, [1934] 145 Or. 421, 27 P.2d 1022, (proof showing employee responsibility); Eitel v. Times Inc., [1960] 221 Or. 585, 352 P.2d 485, (circumstantial evidence showing employee knowledge); The Vogue Inc. v. Cox, [1945] 28 Tenn.App. 344, 190 S.W.2d 307, (Employee of defendant picked up pencil and said it was hers).

6. See note 1.

ing such a dismissal for want of prosecution.

"We have referred to the fact that Rule 41 \* \* \* does not specifically provide that a court may dismiss for want of prosecution, *but that it does not limit the power of a court to dismiss to those instances enumerated because it suggests that there might be dismissals not provided therein.* In any event, it is well settled, 'that a court of equity has general authority, independently of statute or rule, to dismiss a cause for failure or want of diligence in prosecution, in the exercise of a sound judicial discretion'." (110 F. 2d p. 572). [Emphasis added]

To the same effect, see Shotkin v. Westinghouse Elec. & Mfg. Co., [10 Cir. 1948] 169 F.2d 825, 826; Darlington v. Studebaker-Packard Corp., [7 Cir. 1959] 261 F.2d 903, 905; Hicks v. Bekins Moving & Storage Co., [9 Cir. 1940] 115 F.2d 406.

In Smith v. Cushman Motor Works Inc., [8 Cir. 1950] 178 F.2d 953, the trial judge tried an issue of fact and then dismissed on its own motion. The court said:

"The first (assignment of error) is that the District Court was without power to dismiss the action, in the absence of a motion to that effect on the part of the appellee. This assignment is so obviously without merit that it requires no discussion." (178 F.2d p. 954)[7]

If, as these cases hold, a court can dismiss, under Rule 41, without a motion, then *a fortiori* it can do so where a motion is made seeking relief on grounds applicable under Rule 41 but asking greater relief than Rule 41 requires the court to grant.

■■ We do not mean that, in every case where a motion is made under Rule 50(a), the court can, for no reason at all, decide to dismiss without prejudice under Rule 41(b). That rule contemplates that ordinarily a dismissal (like a judgment upon a directed verdict) shall operate as a judgment upon the merits. But it grants a broad discretion to the judge to specify otherwise.

■ That discretion, however, is a judicial, not an arbitrary one, and we can find nothing in the present record to sustain its exercise. Counsel for Fannan made no suggestion to the court that other evidence might be procured, or that he was surprised (in a legal sense, as distinguished from the usual "surprise" of a losing counsel), or of any other reason why the matter should not have followed the normal course to a judgment on the merits, nor has any such suggestion been made to us. The record would not support a conclusion by us that Fannan's counsel butchered the case. The judge suggests no ground other than his apparent relief that the dismissal should be "without prejudice".

Under these circumstances, we conclude that the judge erred. (See Massachusetts Protective Ass'n v. Mouber, 8 Cir. 1940, 110 F.2d 203, 207; International Shoe Co. v. Cool, 8 Cir., 1946, 154 F.2d 778, 780; cf. Baltimore and Carolina Line Inc. v. Redman, 1935, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636).

The judgment is modified by striking from the last line thereof the words "without prejudice". As so modified, it is affirmed.

---

7. Other courts have held that a court may dismiss a proceeding on its own motion for lack of jurisdiction, Pierce v. Submarine Signal Co., [D.C.Mass.1939] 25 F.Supp. 862, 864; or for failure of the complaint to state a cause of action, Fougers v. Jones, [Cir.Ct.Ind., 1895] 66 F. 316; Knights of Ku Klux Klan v. Monmouth Pleasure Club, [3 Cir. 1929] 34 F.2d 730; or for failure to join necessary parties, Hoe v. Wilson, [1869] 9 Wall. 501, 76 U.S. 501, 504, 19 L.Ed. 762.