Paul COLE, Plaintiff—Appellant,

v.

BUILDERS SQUARE, INC., a Delaware corporation; Cuprum, S.A. de C.V., Defendants—Appellees.

No. 01–35491.

D.C. No. CV–99–00729–PA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Oct. 11, 2002.

Before GOODWIN, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

We reverse and remand in part, dismiss in part and affirm in part.

## I. Strict Liability Claims

■ At trial, Cole advanced two theories of strict liability: design defect and failure to warn. The district court granted judgment as a matter of law on Cole's claim of a design defect because it concluded that he had not offered evidence of a safer alternative design. Under then-existent Oregon law, the district court may have been correct. However, after the district court issued its decision, the Oregon Supreme Court rejected the idea that plaintiffs must always offer "evidence that the magnitude of the product's risk outweighs its utility, which often is demonstrated by proving that a safer design alternative was both practicable and feasi-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ble."[1] And the Oregon Supreme Court suggested that even in cases in which a jury requires evidence in order to determine the ordinary consumer's expectations, evidence other than proof that "a safer design alternative was both practicable and feasible" may suffice.[2] In light of recent precedent, we reverse and remand on this issue.

Defendant also argues that its product is not defective as a matter of law because the ladder comes with adequate warnings and instructions. Specifically, the ladder has a warning that states that all directions must be followed and one of the directions instructs the reader to "[s]ecurely engage ladder locks before climbing." Defendant reasons as follows: (1) Under Oregon law, a product that carries a warning that, if followed, allows it to be used safely is not defectively designed; (2) Defendant's ladder is safe if the warnings (and instructions) are followed; and, (3) therefore, the warnings render the ladder nondefective.

■ We reject Defendant's argument because the warnings do not address the problem about which the plaintiff complains: the appearance that the rungs are locked when they are not. A user, knowing full well that the rung locks must be securely engaged before use and attempt-

ing to ensure that they are, will not know from the warnings or the instructions on the ladder that the rung locks may appear to be locked when they are not. Thus the user will not know that more than a simple, visual inspection is necessary to ensure that the rung locks are securely engaged. The current labels and instructions thus do not necessarily satisfy the duty to warn.[3] Accordingly, we conclude that the district court erred when it granted judgment as a matter of law on this issue.

For the foregoing reasons, we reverse and remand Cole's claims of a design defect and a failure to warn.

## II. Punitive Damages Claim

We affirm the district court's grant of summary judgment as to Cole's punitive damages claim. Federal law applies to the "question of the quantum of proof necessary to sustain a cause of action."[4] The federal standard requires the court to "view the evidence presented through the prism of the substantive evidentiary burden,"[5] which is precisely what the district court did. Because we conclude that the district court properly applied the relevant standard, we affirm on this issue.

1. *McCathern v. Toyota Motor Corp.*, 332 Or. 59, 23 P.3d 320, 331 (2001).

2. *Id.* (stating that evidence of ordinary consumer expectations *"may* consist" of risk-utility analysis, "which often is demonstrated by proving that a safer design alternative was both practicable and feasible") (emphasis added). We do not decide whether the matter in this case was outside the realm of jurors' common experience such that additional evidence was necessary. We simply point out that, even if this matter is outside the realm of jurors' common experience, proof of a safer design alternative *may not* be necessary under current Oregon law.

3. *Cf. Schmeiser v. Trus Joist Corp.*, 273 Or. 120, 540 P.2d 998, 1005 (1975) (explaining that instructions "which merely tell how to use the product, and which do not say anything about the danger of foreseeable misuse, do not necessarily satisfy the duty to warn") (internal quotation marks and citation omitted).

4. *Safeway Stores v. Fannan*, 308 F.2d 94, 97 (9th Cir.1962).

5. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

III. Evidentiary Rulings

█ Rulings on *in limine* motions "are not final appealable orders under 28 U.S.C. § 1291."[6] Thus, in order to appeal an issue on which the district court ruled *in limine,* a party must receive a final ruling on the issue. For example, if a party wishes to appeal the exclusion of evidence on which a court tentatively ruled *in limine,* the party must attempt to introduce the evidence at trial, giving the district court the opportunity to issue a final, appealable order.[7] Cole did not attempt to introduce evidence of prior similar claims at trial because he had voluntarily dismissed his negligence claim after the court's *in limine* order. Accordingly, the district court never issued a final exclusionary order and we lack jurisdiction to review the issue. Similarly, the district court never issued a final order regarding the proper measure of damages because Cole did not receive a favorable verdict. Thus, we may not review that question and dismiss the appeal as to it.

We also may not review the district court's decision to allow evidence that Cuprum had complied with OSHA and ANSI standards. A party "who preemptively introduces evidence ... may not on appeal claim that the admission of such evidence was error."[8] Cole introduced evidence of the standards, presumably as part of a strategy to take the "sting" out of the evidence. Accordingly, we may not review this question and dismiss the appeal as to it.

We may review the district court's exclusion of the proffered testimony of plaintiff's expert, David Paul, because the court finalized its decision during plaintiff's presentation of his case. The district court was well within its discretion[9] in excluding Mr. Paul's testimony. Both Cole and Cuprum had designated experts who were, or who would have been, able to testify regarding the subjects of Mr. Paul's testimony. Accordingly, we affirm the district court's decision.

For the foregoing reasons, we reverse and remand in part, dismiss in part, and affirm in part.

REVERSED AND REMANDED IN PART; DISMISSED IN PART; AFFIRMED IN PART.

No costs allowed.

6. *Coursen v. A.H. Robins Co.,* 764 F.2d 1329, 1342, *as corrected by* 773 F.2d 1049 (9th Cir. 1985).

7. *Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 689 (9th Cir.2001).

8. *Ohler v. United States,* 529 U.S. 753, 760, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000).

9. *See Freeman v. Allstate Life Ins. Co.,* 253 F.3d 533, 536 (9th Cir.2001) (setting forth the standard of review).