In sequence to the preceding case should be reported another, an offspring from it, and like it, from the Supreme Court of the District, the case of

## HOE ET AL. v. WILSON.

1. Where certain heirs at law seek to set aside a sale of their ancestor's realty made under a decree of a competent court ordering, at a creditor's instance, such sale for the payment of a debt due him, they should make the creditor on whose application the sale was made a party. All the heirs also should be parties. It is not enough that those who bring the suit profess to file their bill "for themselves and the other heirs at law," these last being known and not numerous.
2. This court will reverse and remand a case thus defective as to parties, although this deficiency have not been made a point at the bar below.
3. It will not consider a case upon documents not in the cause below, though filed here by consent as if returned under a writ of diminution.

THE decree of the Supreme Court of the District ordering a sale of Miss Dermott's real estate, which the affirmance in the preceding case adjudged was rightly made, having been executed and a sale made, and the property *bought by Wilson*, who as stated in the report of the case had been appointed receiver of its rents, Hoe, there also mentioned as an heir-at-law of Miss Dermott, with eight others, her heirs also, who joined with him, filed a bill against this Wilson to set aside the purchase, the ground of their bill being that he had purchased below the real value of the property, and that having been receiver, he was incompetent, with proper regard to those rules which equity places around all persons standing in positions of confidence, to purchase at all. The nine heirs who thus filed the bill professed to file it "for themselves and the other heirs at law," averring that there were such others, but not naming them nor saying anything as to their number, nor indeed anything else about them. The testimony showed the existence of four, and gave the names of two in full, with a statement that the full names of the two others were not remembered, but that in their names occurred, in the one, "O'Neal," and in the other, "Jane." The

post-office address of the first two was given, and of the other two it was stated that they lived " somewhere in Alabama, post-office address not remembered."

Jones, the creditor at whose instance the property was sold, and whose debt was to be paid by the proceeds of the sale, was not made a party either.

The court below heard the case on its merits, and dismissed the bill; no objection being made there at the bar on the ground of defect of parties. The complainants brought the case to this court, and the record being here the counsel on both sides agreed that there should be added to the record of the principal case, to have the same effect as if returned under a writ of diminution, the following proceedings in that cause, to wit, " the final decree of sale, the trustees' report of sale, the exceptions filed to the ratification of the sale and the order of the court thereon, the order of ratification of the sale, the deed of the trustee to the purchaser."

*Messrs. Melloy and Brent, for the appellants,* contended that upon obvious principles a receiver should not be permitted to bid for the lands of which he has previously had the management, citing numerous cases, and especially *Anderson* v. *Anderson.*\*

*Messrs. Cox and Davidge, for the appellees,* denying this proposition and arguing on it *contra,* contended that decision on the point could not be made, because the bill was defective in parties. The suit could not be instituted by some in the names of others; those not joined not being stated to be unknown, nor the case otherwise one of that class recognized in the books, for a suit for the benefit of parties not joined; as where parties are too numerous, or are members of a large association or of a large class.

*To this it was replied* that this point had not been taken below, and could not be first taken here.

Mr. Justice SWAYNE delivered the opinion of the court.

The case presented by the record, so far as it is necessary to state it, is as follows : The complainants represent themselves to be heirs-at-law of Ann R. Dermott, deceased, and allege that

---

\* 9 Irish Equity Reports, 24.

they bring their bill against the defendant "for themselves and the other heirs-at-law of the said Ann R. Dermott." The bill alleges that by virtue of a decree of sale in the case of *Zephaniah Jones* v. *Stringfellow and others*, wherein these complainants and others were defendants, Wilson, the defendant in this suit, became the purchaser of certain real estate of the said Ann R. Dermott, deceased, which is particularly described; that this purchase was made by Wilson on the 2d of January, 1867, from the trustees named in the decree; that long prior to the purchase, and prior to the rendition of the decree under which the sale was made, Wilson was, by order of the court in that case, appointed receiver of the estate of Ann R. Dermott, with authority to manage and rent the property, which appointment he accepted, and executed his bond as such receiver, which was accepted and approved; that he collected a large amount of rents as such receiver; that he was receiver down to the time of the purchase in question, and still continued to be such. It is averred that by reason of his fiduciary relation to the property in question he was incapacitated to purchase; that the sale is void at the election of the complainants; and that they elect to avoid it, and to have the property resold at the risk of Wilson. The bill prays for appropriate special, and for general relief. Wilson answered. The answer admits the decree of sale, the sale by the trustees appointed to make it, the purchase by Wilson, and that he was receiver as alleged in the bill. It denies that he was incapacitated to buy, and insists that the sale was valid. It avers that he has paid all the purchase-money, and received a deed for the property.

We pass by the questions whether the proper remedy of the complainants was not by appeal from the order of the court below confirming the sale, and whether the bill is not fatally defective on its face in not averring such confirmation before it was filed. These points have been fully argued, but the view which we take of the case renders it unnecessary to decide them. The defence that the validity of the sale is *res judicata* by reason of the proceedings of these complainants, touching the order of confirmation, is not set up in the answer, and cannot, therefore, be considered.

But Zephaniah Jones, the complainant in the suit in which the decree of sale was made, and the other heirs-at-law of Ann

R. Dermott, are indispensable parties. No relief can be given in the case before us which will not seriously and permanently affect their rights and interests. According to the settled rules of equity jurisprudence the case cannot proceed without their presence before the court. The objection was not taken by the defendant, but the court should, *sua sponte*, have caused the bill to be properly amended, or have dismissed it, if the amendment were not made. Instead of this being done the cause was heard and decided upon its merits. This was a manifest error. The decree must, therefore, be reversed, and the cause remanded to the court below. In that court both parties can take leave to amend and can modify their pleadings so as to exhibit the case as they may desire respectively to present it. If testimony be necessary that also can be taken. We do not consider the supplement to the record filed in this court as before us. It was not in the case in the court below. To recognize it here would involve the exercise of original instead of appellate jurisdiction. Whether it was competent for the receiver to buy at the sale made by the trustees is a point upon which we express no opinion. We have not reached it, and have not, therefore, had occasion to consider the subject.

It is ordered that the decree of the court below be REVERSED, and that the cause be remanded, with directions to that court to proceed

IN CONFORMITY TO THIS OPINION.