McCONNELL v. DENNIS et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1907.)

No. 2,488.

1. INJUNCTION—ACTIONS—NECESSARY PARTIES—DEFENDANTS.

In a suit in equity in a federal court to enjoin the defendant from proceeding under an oil and gas lease which obligated him to operate for oil and gas for a term of years, and to pay royalties in kind and in cash to the owner of the land, the right of complainant to relief being based on the alleged invalidity of such lease, the landowner is an indispensable party, without whose presence the court can make no decree.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 212.]

2. APPEAL—MATTERS REVIEWABLE—DEFECT OF PARTIES.

Where a decree was entered in favor of a complainant in a suit in which because of the absence of an indispensable party whose rights were directly affected the court was not warranted in granting any relief, the de-

fect of parties cannot be waived by the parties before the court, and the fact that no objection was made on that ground cannot prevent the consideration of the question by an appellate court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1189; vol. 37, Parties, § 169.]

Appeal from the Circuit Court of the United States for the District of Kansas.

L. W. Keplinger (J. B. Ziegler, on the brief), for appellant.

W. H. Sproul and John H. Atwood, for appellees.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This case presents a controversy between two rival claimants to the mining rights in 320 acres of oil land situated in Chautauqua county, Kan. Prior to July, 1902, Amanda Miller, of California, owned the land. By a deed dated July 21, 1902, recorded in the office of the register of deeds of Chautauqua county on August 25, 1903, she conveyed it to Abba Clair McCready, who, on August 25, 1903, by an instrument duly recorded on August 28, 1903, leased the oil, gas, and mining rights on the land to P. D. McConnell, the defendant herein. There were reserved to the lessor as rent or royalties one-sixth interest in all the oil that might be produced from the premises and also $200 per year for each and every gas well sunk and successfully operated thereon. By an instrument dated September 18, 1902, Amanda Miller leased the same land to complainants, Dennis and others, who constituted a copartnership under the name of the Sedan Development Company. This lease in terms conferred upon the lessees an exclusive right to conduct mining operations for gas or oil on the leased premises and reserved to the lessor royalties in the event gas wells should be sunk, at the rate of $5 per month during the time product of value should be taken therefrom or in lieu thereof one-tenth of the oil or other product found therein, and until wells should be sunk the sum of $32 per year fixed, with some alternative provisions. This lease was recorded in the proper registration office February 3, 1903, and is assailed by defendant as void because unequal, uncertain, unfair, and unilateral in its covenants and for other reasons.

Complainants in their bill filed for equitable relief allege their ownership of the lease acquired from Amanda Miller, their possession of the land, and their exclusive right to mine and drill for oil, gas, and minerals. They further allege that defendant McConnell and others named as having some undescribed interest in the land, without consent of the complainants, entered upon the premises with tools, machinery, and other preparation for mining operations with the intention of taking and appropriating the gas, oil, and minerals belonging to complainants to his or their own use and prayed for an injunction restraining them from doing so. Defendant McConnell alone answered the bill. He denied complainants' possession, alleged imperfections in their title, and justified his possession and right to mine the lands under his lease from McCready. The final decree confirmed complainants in their title and ordered as follows:

"That said defendants and each of them and all persons claiming, by, through or under them or either of them, be, and they are hereby, permanently restrained and enjoined from setting up or asserting any right, title, claim, or interest in or to the oil and gas in and upon said land, as against the rights of said complainants therein, under and by virtue of their said lease, or from interfering in any way with the complainants, their heirs or assigns, in the operation of said land under their said lease."

Many objections are made to the decree, but, as one is decisive, we do not deem it essential to consider any other.

Defendant, according to the terms of his lease from McCready, owed to her constantly accruing royalties, rights, and privileges. His lease from her obligated him for a certain period of 15 years and as much longer as gas or oil should be produced in paying quantities, to deliver to her one-sixth of all the oil as and when produced in kind, to pay her $200 per year for each gas well sunk by him as long as gas should be sold therefrom, and to furnish gas for a family occupying the residence on the premises. The value of her royalties, rights, and privileges according to the terms of the lease depended upon successful mining operations to be conducted by the lessee. Anything that would interfere with or prevent his production of oil or gas on the leased premises necessarily affected, reduced, or extinguished her royalties in kind or cash and other privileges which depended upon such production.

The bill was solely for injunctive relief to restrain McConnell, the lessee, from drilling, boring, or conducting mining operations on the premises for the production of oil or gas. The decree, after finding that complainants are entitled to the relief prayed for, proceeds to confirm them in their exclusive right and title under their lease to conduct mining operations on the premises and permanently enjoined and restrained McConnell from asserting any right, title, claim, or interest thereon, or from in any manner interfering with complainants in the exercise of the exclusive right so confirmed in them. Nothing could more effectually extinguish Abba Clair McCready's rights secured by the lease than such a decree. Obedience to its command by McConnell necessarily put a stop to her royalties in kind and in money and the enjoyment of the other privileges secured to her by her lease and contract with McConnell. She was not made a party to the suit, and her contract was stricken down without any opportunity to be heard in defense of her rights under it. This is contrary to natural right and well-established principles of equity jurisprudence.

In the leading case of Shields v. Barrow, 17 How. (U. S.) 130, 141, 15 L. Ed. 158, the Supreme Court, after expounding the meaning of the forty-seventh rule in equity and the provisions of the act of February 28, 1839 (5 Stat. 321), which makes provision, when some defendant may not be an inhabitant of or found within a district or may not voluntarily appear to an action, for entertaining jurisdiction and rendering a decree binding upon the parties before the court, but without prejudice to others not brought into the case, observes as follows:

"It remains true, notwithstanding the act of Congress and the forty-seventh rule, that a Circuit Court can make no decree affecting the rights of an

absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights. To use the language of this court, in Elmendorf v. Taylor, 10 Wheat. (U. S.) 167, 6 L. Ed. 289: 'If the case may be completely decided, as between the litigant parties, the circumstance that an interest exists in some other person, whom the process of the court cannot reach—as if such party be a resident of another state—ought not to prevent a decree upon its merits.' But, if the case cannot be thus completely decided, the court should make no decree."

The doctrine of that case has been repeatedly affirmed and applied by the Supreme Court to cases in which the fact appeared that no final decision could be made between the parties to the suit and those represented by them without affecting the rights of absent unrepresented parties. For the latest expressions of the rule reference is made to Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 611, 13 Sup. Ct. 691, 37 L. Ed. 577; California v. Southern Pacific, 157 U. S. 229, 249, 15 Sup. Ct. 591, 39 L. Ed. 683; Minnesota v. Northern Securities Co., 184 U. S. 199, 235, 22 Sup. Ct. 308, 46 L. Ed. 499; Sioux City Terminal R. & W. Co. v. Trust Co. of N. A., 27 C. C. A. 73, 82 Fed. 124, 126.

In the case now before us the complainants' right to the injunctive relief prayed for necessarily depends upon the validity of the Mc-Cready lease. The question of its validity lies at the foundation of their right of action. If it is valid, the complainants are entitled to no relief. If invalid, the complainants may be entitled to some relief. She is, therefore, within the rule referred to, an indispensable party to complainant's action. Her rights are materially affected by the decree made or by any decree that can be made in the case; and it cannot proceed without her. She is in the same plight in which the New Albany & Salem Company, in the case of Northern Indiana R. Co. v. Michigan Central R. Co., 15 How. (U. S.) 232, 14 L. Ed. 674, was found. As it was impossible to decide the controversy in that case without deeply affecting the New Albany Company, the bill was dismissed. Our attention is called to the principles discussed in Osborn v. United States Bank, 9 Wheat. (U. S.) 738, 842, 6 L. Ed. 204, and Vetterlein v. Barnes, 124 U. S. 169, 172, 8 Sup. Ct. 441, 31 L. Ed. 400, but it is thought those cases involve such a different relationship between the parties to the case and those not made parties as in the light of the authorities already cited renders them inapplicable to the present case.

No objection appears to have been made below to the court's proceeding to a decree in the absence of Abba Clair McCready; but that is unimportant. The case is now here on appeal for a hearing de novo, and we cannot avoid considering the question whether the parties are sufficient to warrant a decree granting any relief. Hoe v. Wilson, 9 Wall. (U. S.) 501, 19 L. Ed. 762.

As it is possible that the defect of parties can be cured, we will not dismiss the bill, but reverse the decree as rendered and remand the cause to the Circuit Court with directions to dismiss it unless by some appropriate procedure, within a time to be fixed, indispensable parties are brought into the case. It is so ordered.