**FLYNN et al. v. BROOKS.**
**No. 7216.**

United States Court of Appeals for the District of Columbia.

Argued March 9, 1939.

Decided May 22, 1939.

Rehearing Denied June 28, 1939.

S. J. L'Hommedieu, of Washington, D. C., for appellants.

Thurman L. Dodson and Horace O. Pollard, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

PER CURIAM.

Appellee is the owner of certain real estate in the District of Columbia on which there is a deed of trust to secure $4100 borrowed from the Northeast Savings Bank, now in receivership. Appellants are the trustees. The trust deed provided that appellee should keep the improvements on the property insured against loss by fire. This she did, and the policy provided that loss, if any, should be payable to the trustees "as interest may appear". There was a clause reading: "Whenever this company shall pay the * * * trustee any sum for loss or damage under this policy and shall claim that, as to the * * * owner, no liability therefore existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt * * *."

A fire occurred in 1934 and caused damage to the extent of $725. The insurance company denied liability to appellee as owner, on the ground that the fire was of an incendiary origin, and refused to pay to the trustees unless they executed to it an assignment of "mortgage interest" to the extent of the amount paid. The trustees thereupon, with the consent of the receiver of the creditor bank, executed to the insurance company an assignment of the mortgage to the extent of $725, received that sum from the insurance company, and applied it to the principal of appellee's notes secured by the deed of trust. In March, 1938, the debt being then in default, the trustees at the instance of the creditor advertised the property for sale. Two days prior to the advertised date the receiver of the creditor bank authorized the trustees to postpone the sale, provided they received cash or assurance of payment of the costs already incurred and to be incurred in this connection. The trustees postponed the sale to March 28, but on March 19 appellee as plaintiff brought this suit.

The bill alleges that the plaintiff (appellee) has on deposit in the District Title Company a sufficient sum of money to settle the bank's indebtedness in full; that, notwithstanding the plaintiff's ability and willingness to pay the debt, the trustees (appellants) have insisted upon the payment to them, for the account of the insurance company, of a sum of $725 as principal and $144.98 as interest in addition to the amount due the bank, and the trustees have advised the plaintiff they will not release the trust unless this additional sum is paid; and that the assignment to the insurance company was made without right or authority on the part of the trustees and is contrary to the terms of the deed of trust and in violation of Sec. 522 of the District of Columbia Code. The bill further alleged general hostility on the part of the trustees and refusal on their part to negotiate with the insurance company for the purpose of clearing up the situation with respect to its claims; and prayed for a rule requiring the trustees to show cause why they should not be removed and new trustees appointed, and for a decree declaring the assignment to be null and void and of no effect as a lien under the deed of trust.

The trustees answered the rule, denying that there had been a legal tender to them of the amount of the debt, but admitting that they had informed plaintiff they would not release the deed of trust unless the plaintiff paid the $725 and interest claimed by the insurance company.

The case was heard on bill and answer, and in May, 1938, the trial court decreed that the purported assignment of the mortgage interest entered into between the trustees and the insurance company was void and of no effect; that the action of the trustees, in refusing to release the trust although the plaintiff was ready, willing, and able to pay the debt, constituted hostility which made them ineligible to serve any longer as trustees—as the result of which they were removed and new trustees appointed. The original trustees took this appeal.

In our view the case presents only two questions which we may properly decide: (1) Can the validity of an assignment be adjudicated in the absence of the assignee? (2) Was sufficient misconduct shown on the part of the trustees to justify the lower court in removing them?

The defect of parties suggested in the first question was apparently not raised below. Notwithstanding this, we think it is our duty to notice it. In Hooey et al. v. Wilson, 9 Wall. 501, 19 L.Ed. 762, it was held to be the duty of the appellate court, even where the point was not made in the court below, to reverse and remand a case where indispensable parties are missing. That the insurance company is an indispensable party cannot, we think, be seriously doubted, for it is obvious that the relief asked—the cancellation of the assignment to it—cannot be given without permanently affecting its rights and interests. In Shields v. Barrow, 17 How. 130, 15 L.Ed. 158, the Supreme Court held that any person having an interest in the controversy of such a nature that a final decree cannot be made without affecting that interest is an indispensable party. See, also, on the subject, Coiron v. Millaudon, 19 How. 113, 15 L.Ed. 575; McConnell v. Dennis, 8 Cir., 153 F. 547; Roberts v. Bradfield, 12 App.D.C. 453; Backus Portable Steam Heater Co. v. Simonds, 2 App.D.C. 290; Chandler v. Ward, 188 Ill. 322, 58 N.E. 919; Runck v. Gates, Texas Civ.App., 14 S.W.2d 885; MacFarlane v. Thompson, 241 Mass. 486, 135 N.E. 869.

With respect to the prayer for cancellation of the assignment, we think the trial court should, sua sponte, have re-

quired the bill to be amended, or have dismissed it if the amendment were not made. Hooey et al. v. Wilson, supra.

The answer to the second question is more difficult in the present unsatisfactory state of the record. Ordinarily the removal of a trustee is a matter within the sound judicial discretion of the chancellor, but the evidence should show that the discretion was not used arbitrarily and without due cause. The trustee is the agent of both debtor and creditor and should be fair and impartial as between them. Spruill v. Ballard, 61 App.D.C. 112, 58 F.2d 517. To warrant the exercise of discretion to remove, there should be evidence of neglect of duty or misconduct; mere ill feeling between the debtor and the trustee is not sufficient. McPherson v. Cox, 96 U.S. 404, 24 L.Ed. 746. On the other hand, where it is shown by the trustee's conduct that he has in mind the interests of one of the parties only, and that he is either hostile or indifferent to the rights of the other, removal by the court is proper. Lunsford v. Davis, 300 Mo. 508, 254 S.W. 878. So far as we are able to determine, the charge against the trustees is that they made an unlawful assignment to the insurance company, and then on the basis of that assignment declined to release the trust upon payment of the amount due the creditor, unless an additional amount were paid to reimburse the insurance company for the loss caused by a fire, which it declared to have been incendiary. These are matters which can be properly determined only after a trial on the merits and, since in the view we take of this case we are unable, because of the absence of a party in interest, to pass upon the validity of the assignment, our conclusion is that the decree should be reversed and the cause remanded. In the trial court both parties can take leave to add new parties, to amend, and to modify their pleadings so as to exhibit the case as they may desire respectively to present it. Testimony can and should then be taken. Hooey et al. v. Wilson, supra.

It is, therefore, ordered that the decree below be reversed and that the cause be remanded to the court below, with instructions to that court to proceed in accordance with this opinion. The costs of the appeal and the costs in this court will be divided equally.

Reversed and remanded.