**GENERAL HOUSES, Inc. v. RECONSTRUCTION FINANCE CORPORATION.**

No. 47C1253.

United States District Court
N. D. Illinois, E. D.
Sept. 28, 1948.

Thomas Hart Fisher and Norman Crawford, both of Chicago, Ill., for plaintiff.

Lee Walker and Stephen R. Chummers, both of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This cause is now before the court on plaintiff's motion to vacate an order, dated July 30, 1948, dismissing the amended complaint, and for leave to file a second amendment to the complaint. The dismissal order was issued by the court, sua sponte, for lack of an indispensable party. The background of the case may be obtained by reference to the memorandum of July 30.

Plaintiff urges several grounds in support of its motion, principal among which are (a) that defendant had lost its right to raise the question of an indispensable party by motion to dismiss or for summary judgment, since it had previously raised this point as a defense in its answer; (b) that Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., does not permit the dismissal of an action by the court's own initiative for misjoinder or non-joinder of parties; (c) that Marloch Mfg. Co. was not an indispensable party; (d) that no order for dismissal should be entered without leave to plaintiff to amend within a stated time so as to make Marloch a party to the litigation, or to allege a new and different cause of action under which no new party would be indispensable; (e) that Count IV of the proposed amended complaint sets forth a tort action arising out of the same transactions upon which the first three counts are based, and that plaintiff may sue one or more joint tort feasors without joining others.

The first ground asserted by the plaintiff is clearly frivolous. Inasmuch as the complaint was dismissed on the court's own initiative, it is of no consequence whether or not it could have been properly dismissed, under the circumstances, by motion of the defendant. That it is within the power of the court to dismiss the complaint sua sponte is unequivocally stated in Hoe v. Wilson, 9 Wall. 501, 76 U.S. 501, 19 L.Ed. 762, and Flynn v. Brooks, 70 App.D.C. 243, 105 F.2d 766.

Plaintiff's second ground in support of its motion was apparently prompted by the fallacious assumption that the court based the dismissal order on Federal Rule 21. Such is not the fact. The court is not obliged to rely on any particular rule of procedure in order to dismiss an action where there is a lack of an indispensable party. That lack is a matter of jurisdiction, and it would be improper to entertain a suit where jurisdiction is lacking.

The third contention of the plaintiff is an attempt to re-argue the question

of whether Marloch was an indispensable party to this action. In addition to the reasons set forth in the former memorandum for holding that it was such a party, I call plaintiff's attention to the case of Flynn v. Brooks, 70 App.D.C. 243, 105 F. 2d 766, in which it was held that the validity of an assignment of an interest under a trust deed could not be adjudicated in the absence of the assignee, which was an indispensable party. The cases cited by the plaintiff fall far short of bolstering its position on this point. Payne v. Hook, 7 Wall. 425, 74 U.S. 425, 19 L.Ed. 260, involved a proceeding in equity in which the court held that the decree may be shaped to do justice to the parties before it. However, in my memorandum of July 30, it was stated quite clearly that "In certain equitable actions, the decree may be framed in such a way that the rights of the absent persons will not be injuriously affected. But that is not the situation here where the action is at law * * *." The language of Waterman v. Canal-Louisiana Bank, 215 U.S. 33, 30 S. Ct. 10, 14, 54 L.Ed. 80, similarly fails to add strength to plaintiff's argument: "And there is a third class whose interests in the subject-matter of the suit and in the relief sought are so bound up with that of the other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit when these parties cannot be subjected to its jurisdiction." As stated previously, no judgment could be entered here without injuriously affecting the rights of Marloch. Furthermore, it appears, and by plaintiff's own admission, that Marloch is beyond the jurisdiction of this court, so that valid service of process cannot be had on it.

■ Continuing further with the analysis of plaintiff's citations, it is readily apparent that the case of Bourdieu v. Pacific Western Oil Co., 299 U.S. 65, 57 S.Ct. 51, 53, 81 L.Ed. 42, is inconclusive of any question involved in the case at bar, as revealed in the following excerpt: "Upon the question whether, upon a good bill, the United States would be an indispensable party, we deem it unnecessary to express an opinion." Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 225, 167 A.L.R. 413, simply reiterates what has already been stated: "Aside from these considerations, every indispensable party must be brought into court, actually or constructively, or the suit will be dismissed if a substantial claim is stated in the complaint. It is axiomatic that indispensable parties cannot be dispensed with in diversity cases even though their presence will defeat federal jurisdiction."

In support of its argument that the complaint may not be dismissed without making provision for amendment, plaintiff cites numerous authorities, principal among which is the case of Topping v. Fry, 7 Cir., 147 F.2d 715, 717. However, several vital distinctions can be pointed out between that case and the one at bar. Despite the fact that plaintiff states in its brief "In that case, exactly as in the case at bar, the defense was made that there was a third party who was interested in the action, but who had been specifically excluded from the complaint for jurisdictional reasons", such is not a fact. The omission was not a matter of defense, but was stated in the complaint; nor was there a determination that the excluded party was indispensable to the action. Further examination of the court's language reveals that much is lacking to establish it as authority in support of plaintiff's present motion: "Without permitting oral argument or granting plaintiff an opportunity to amend his complaint if he so desired, the court dismissed the complaint summarily, making no statement as to which of the diverse grounds stated by the two defendants in their motions to dismiss it relied upon as a basis for its action. Of course this dismissal operated as a dismissal with prejudice, and that being the case, we think that plaintiff was entitled to know on what grounds the action was based. At least one of the reasons asserted by Fry obviously and admittedly furnished no basis for dismissal with prejudice, and we cannot say that any of the grounds was so obviously good as to sustain such a motion to dismiss."

It should be noted, however, that in the present case the memorandum of July 30th

stated specifically the reason for dismissal, and the ground on which it was dismissed, i. e., lack of an indispensable party, was obviously adequate to sustain the dismissal.

The court proceeded further to say in Topping v. Fry: "We first look at the jurisdictional issue, lack of jurisdictional amount, since if that were in fact lacking, the District Court should have dismissed on that ground and had no reason for dismissing on the merits. * * * As to this, we cannot say that it would be impossible under any view of the pleadings for him to prove damages of more than $3000 exclusive of costs and interest. * * * We think the rule to be drawn from these two cases is that a formal allegation that the amount involved is in excess of $3000 exclusive of interest and costs, is sufficient unless the bill contains other allegations which so qualify or detract from it that when all are considered together it cannot be said that jurisdiction appears on the face of the complaint, in which case the suit should be dismissed sua sponte or on defendant's motion. But when the allegation stands alone, the court may enter upon an inquiry to ascertain whether or not the plaintiff can support his allegation by competent proof. And if the allegation is challenged by defendant in appropriate manner, as here, it is the duty of the court to institute such inquiry, and plaintiff has the burden of proving his allegation of jurisdictional facts. We think that the corollary to this is that where plaintiff makes a formal allegation which defendant challenges by motion to dismiss in general terms, plaintiff is entitled to opportunity to establish his jurisdictional facts unless it is clear from the face of the pleadings that that would be impossible; and that inquiry into jurisdiction, if such be required, should be made before consideration of the merits. On the record here presented we cannot say that jurisdictional amount is not involved, and if this were the ground on which the District Court based its order of dismissal it was in error, in the absence of even the oral argument requested by plaintiff in response to defendants' motions to dismiss."

In that case, it was asserted by the defendant that the damage claimed was so speculative as to render it impossible to calculate an amount, and that any recovery would be limited to nominal damages. Hence, it should be readily apparent that the dismissal in the case at bar was founded on a different basis. Here, the pleadings on their face raised the issue of an indispensable party and no inquiry was required.

Furthermore, provision need not be made for amendment in order that plaintiff may allege a new and different cause of action. It is true that a new cause of action may be alleged in an amended complaint, but it by no means follows that, nor is there authority for so holding, in every dismissal order it is incumbent upon the court to leave the door open for such new cause of action.

Although not cited by plaintiff I find some cases permitting amendment in the event an indispensable party is lacking. "According to the settled rules of equity jurisprudence the case cannot proceed without their (indispensable parties') presence before the court. The objection was not taken by the defendant, but the court should, sua sponte, have caused the bill to be properly amended, or have dismissed it, if the amendment were not made." Hoe v. Wilson, 9 Wall. 501, 76 U.S. 501, 19 L.Ed. 762. Also Cf. Flynn v. Brooks, 70 App.D.C. 243, 105 F.2d 766.

However, in view of the fact that Marloch is beyond the jurisdiction of the court for service of process, and that it is apparent from the pleadings and briefs of both parties that Marloch has no intention whatsoever of appearing in this action voluntarily, leave to amend the complaint must be denied. The court is adamant in its refusal to require the performance of a useless act. Furthermore, it taxes my credulity to regard Count IV of the proposed amendment, in which plaintiff asserts an action in tort, as anything more than a subterfuge to avoid the ruling in my previous memorandum.

The granting of leave to amend is a matter of discretion with the court, and in the lawful exercise of this discretionary power, and in the interest of the orderly administration of justice, I am

obliged to deny plaintiff's motion. Of course such denial, as well as the Court's previous order of dismissal, is without prejudice to the right of the plaintiff to commence, in a court of competent jurisdiction, a suit embracing the proposed amended complaint it now seeks leave to file here. The United States District Court in New York, for example, would be a court having jurisdiction over both defendants named in the proposed amended complaint, and would thus be able to entertain all the plaintiff's alleged causes of action.

In the remote possibility that the plaintiff is sincere in now asserting its claim in tort against the Reconstruction Finance Corporation alone, these orders are also without prejudice to the right of the plaintiff to file a new cause of action in this district, asserting only the tort claim against the said defendant.

Plaintiff's motion to vacate the order dismissing its complaint is, therefore, denied.

Pursuant to Rule 73 of the Federal Rules of Civil Procedure, plaintiff's motion for an extension of 30 days in which to file its Notice of Appeal is granted.