338 F.2d 456
 The DREDGE CORPORATION, Appellant,
v.
J. Russell PENNY, State Supervisor, Bureau of Land Management, and Harold C. Hammitt, Manager of Reno, Nevada Land Office, Bureau of Land Management, Department of Interior, etc., Appellees.
The DREDGE CORPORATION, Appellant,
v.
E. J. PALMER, State Supervisor, Bureau of Land Management, and James E. Keogh, Jr., Manager of Reno, Nevada Land Office, Bureau of Land Management, Department of the Interior, Appellees.
 No. 18463.
 No. 18464.
 United States Court of Appeals Ninth Circuit.
 November 13, 1964.
 
 George W. Nilsson, Los Angeles, Cal., Deaner, Butler & Adamson, Las Vegas, Nev., for appellant.
 Ramsey Clark, Asst. Atty. Gen., Roger P. Marguis, Thos. L. McKevitt, A. Donald Mileur, Dept. of Justice, Washington, D. C., for appellees.
 Before BARNES, HAMLEY and BROWNING, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 These are consolidated appeals from summary judgments entered in companion district court cases involving the validity of thirty-six mining claims near Las Vegas, Nevada. The claims are owned by The Dredge Corporation, a Nevada corporation, which is the plaintiff in each case. The defendants are officials of the Bureau of Land Management (Bureau) of the United States Department of the Interior (Department). They differ for each case, and in this opinion the cases will be distinguished from each other by referring to the name of the defendant first named, i. e., the Penny case and the Palmer case.[1] Summary judgments were entered for the respective defendants, and the corporation appeals.
 
 
 2
 The facts essential to a determination of the questions presented by these appeals are not in dispute. On October 4, 1955, the validity of the twenty-eight claims involved in the Palmer case was challenged in a contest proceeding initiated before the Bureau by Keogh, acting in his official capacity.[2] On December 18, 1957, the validity of the remaining eight claims involved in the Penny case was similarly challenged by Hammitt, acting in his official capacity.
 
 
 3
 In the contest involving the Palmer claims the hearing examiner entered a decision holding twenty-two of the twenty-eight claims to be null and void for lack of a valid discovery of minerals. He held that there was a valid discovery as to the remaining six claims and that those claims were valid. Both the corporation and the Government appealed to the director of the Bureau. The director entered a decision holding that all twenty-eight claims were null and void for lack of a valid discovery of minerals, thus affirming the examiner as to twenty-two claims and reversing him as to six. The corporation appealed to the Secretary of the Interior (Secretary). By decision dated December 29, 1959, Edmund T. Fritz, Deputy Solicitor of the Department, acting on behalf of the Secretary, affirmed the decision of the director.[3]
 
 
 4
 In the contest, involving the eight Penny claims the hearing examiner entered a decision holding all eight claims to be null and void for lack of a valid discovery of minerals.[4] The corporation appealed to the director of the Bureau who entered a decision affirming the examiner's decision. The corporation then appealed to the Secretary. By decision dated December 18, 1959, Deputy Solicitor Fritz, acting on behalf of the Secretary, affirmed the decision of the director.[5]
 
 
 5
 The corporation then commenced these two actions in the United States District Court for the District of Nevada. In its complaint in the Palmer case and in its amended complaint in the Penny case, the corporation alleged that the administrative orders and acts referred to above are invalid for the following reasons: (1) they are in violation of the corporation's rights under the Fifth Amendment; (2) they were made in violation of the Administrative Procedure Act, 60 Stat. 237 (1946), as amended, 5 U.S.C. § 1001 et seq. (1958); (3) the corporation is entitled to an agency rehearing under the holdings of United States v. O'Leary, 63 I.D. 341, and Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616; and (4) the agency orders and decisions in question are arbitrary and capricious, result from an abuse of discretion, and are unconstitutional and not in accordance with law.[6]
 
 
 6
 It was not specifically alleged, as a ground for declaring the administrative orders invalid, that the administrative finding that there had been no valid discovery of minerals is not supported by substantial evidence. However, the complaint in Palmer and the amended complaint in Penny, read as a whole, plainly indicate that this was a ground relied upon by the corporation. Each pleading contains an allegation that each of the placer mining claims contains a valuable deposit of sand, gravel and gold, and that each of said locations were, and are, based upon a valid discovery of such sand, gravel and gold.
 
 
 7
 In the complaint in the Palmer case, moreover, the grounds urged in the corporation's appeal to the Secretary from the decision of the director are set out, one of them being that the evidence was insufficient to justify the findings and decision. Both the defendants and the district court understood that, in its complaint and amended complaint, the corporation was challenging the sufficiency of the evidence to support the administrative finding as to discovery of minerals. This is indicated by the action thereafter taken by defendants and the district court, as recounted below.
 
 
 8
 Injunctive relief was sought in both suits as follows: (1) ordering Keogh or Hammitt, as the case may be, to reinstate the corporation's mineral entries and to conform the records of the Land Office to show that the mining claims are still in force and effect; (2) ordering them to set the described contests for de novo hearing at Las Vegas, Nevada, before a hearing officer qualified under the Administrative Procedure Act; (3) enjoining these officials from cancelling the corporation's mineral entries, from nullifying and voiding the claims and entries upon the records of the Land Office, from notifying any other Governmental agency or person that the corporation's claims are null and void, and from in any other manner carrying out or enforcing the described orders and decisions of the Secretary and his subordinates; and (4) enjoining Palmer, Hammitt and Penny from interfering with the possession, full use, enjoyment and operation of the claims by the corporation and its contractors.[7]
 
 
 9
 Comprehensive declaratory relief was also sought in both cases including the following: (1) declaring that the administrative decisions referred to above are invalid;[8] (2) declaring that the corporation is entitled to an agency hearing de novo in the contest proceedings; and (3) declaring that the rules of practice relating to contests involving placer mining claims and appeals therefrom are, on their face, and as here construed and applied, unconstitutional.
 
 
 10
 The following additional declaratory relief was sought in the Penny case: (4) declaring that the right of way granted to a privately-owned public utility company for transmission lines across some of the claims described in that complaint is revoked and set aside; and (5) declaring void any Small Tract leases or patents, and any oil and gas leases issued covering any of the lands embraced within the eight claims.[9]
 
 
 11
 In their answers to the complaint in Palmer and the amended complaint in Penny, defendants, among other things, denied the allegations to the effect that there had been a valid discovery of minerals on each claim. On February 13, 1963, defendants moved in both cases for summary judgment under Rule 56, Federal Rules of Civil Procedure. Three grounds for the granting of these motions were urged, namely: (1) there is no genuine issue of fact and defendants are entitled to judgment as a matter of law; (2) the amended complaint fails to state a claim upon which relief can be granted; and (3) the Secretary of the Interior is an indispensable party. The motions were based upon the pleadings in the respective cases and upon the agency decisions therein referred to, certified copies of which were filed with the motion.
 
 
 12
 In each case a memorandum of points and authorities supporting the motion therein for summary judgment was filed. The memorandum filed in the Palmer case was not made a part of the record on appeal, but the memorandum filed in the Penny case states that such a memorandum was filed in Palmer, and that "precisely the same legal issues" are presented in the two cases.
 
 
 13
 Among other things it was argued in defendants' memorandum in the Penny case that the Secretary's findings concerning the discovery of minerals on the various claims are supported by substantial evidence. Presumably the same argument was made in the memorandum filed by defendants in the Palmer case.
 
 
 14
 In each case defendants, at the time of filing their motion for summary judgment, also moved for oral argument.
 
 
 15
 In each case The Dredge Corporation filed what it denominated an answer and motion to dismiss the motion for summary judgment. In these answers the corporation asserted that there were genuine issues of fact, but it did not state what those issues were. The company also asserted that the complaint or amended complaint, as the case may be, states claims upon which relief can be granted, and that the Secretary is not an indispensable party. No affidavits or other evidentiary materials other than a copy of the Under Secretary's order granting a rehearing, and no memorandum of authorities, were filed in support of the answer in either case.[10]
 
 
 16
 The district court thereafter, on its own motion, ordered the United States Attorney to file transcripts of the testimony taken in the two agency hearings. The transcripts of testimony were filed as directed, but the exhibits which were received at the administrative hearings were neither requested by the court nor filed with it by the United States Attorney.
 
 
 17
 Several months after these transcripts were filed, the district court, holding that the findings of the administrative agency were supported by substantial evidence, entered an order in each case granting defendants' motions for summary judgment, denying the motions for oral argument, and ordering the administrative transcripts returned to the United States Attorney. These appeals followed.
 
 
 18
 In both cases, The Dredge Corporation argues that the district court erred in acting upon the motions for summary judgment without first hearing oral argument.
 
 
 19
 In acting upon this motion without permitting oral argument, the district court presumably proceeded under Local Rule 7(b) and (c) of that court, quoted in the margin.[11] Under this rule oral argument on motions is allowed only if the party making the motion attaches a written application for oral argument to the motion, and then only by leave of court. The rule apparently does not permit a party who opposes a motion to apply for oral argument.[12]
 
 
 20
 As indicated above, defendants applied in writing for oral argument at the time they moved for summary judgments. Since the district court, after an examination of the papers, had apparently determined to grant the motion it no doubt assumed that defendants would not benefit from oral argument. And since the corporation had not, and could not, under the local rule, apply for oral argument, its interest in having oral argument was not brought to the court's attention. As a result oral argument was denied at the same time that summary judgments for defendants were entered.
 
 
 21
 Rule 56, Federal Rules of Civil Procedure, providing for summary judgments, appears to contemplate that a hearing will be had before such a motion is acted upon. Rule 56(c) provides that the motion "* * * shall be served at least 10 days before the time fixed for the hearing." It is further provided in that paragraph of the rule that the adverse party "* * * prior to the day of hearing may serve opposing affidavits."
 
 
 22
 Rule 83, Federal Rules of Civil Procedure, however, authorizes each district court to make rules governing its practice not inconsistent with the Federal Rules of Civil Procedure. And the second paragraph of Rule 78, Federal Rules of Civil Procedure, provides that, for the purpose of expediting its business, a district court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.
 
 
 23
 Rules 56(c), 78 and 83, read together, authorize district courts to provide by rule that a party desiring oral argument on a motion for summary judgment must apply therefor, in the absence of which oral argument will be deemed to have been waived. Such a local rule was involved, and upheld, in Bagby v. United States, 8 Cir., 199 F.2d 233. But, in view of the language of Rule 56(c), and having in mind that the granting of such a motion disposes of the action on the merits, with prejudice,[13] a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied. See Brown v. Quinlan, 7 Cir., 138 F.2d 228, 229.[14]
 
 
 24
 As stated above, Local Rule 7 involved on these appeals provides no method whereby a party opposing a motion for summary judgment may request oral argument. It follows that the district court erred in giving effect to that local rule in such manner as to preclude oral argument on the motions for summary judgment involved in these cases.
 
 
 25
 The failure to permit oral argument on the motions for summary judgment requires that the judgments be reversed and the causes be remanded for further proceedings. But the corporation advances some additional arguments, which go to the question of whether summary judgment procedure is in any event appropriate here, and if so, whether defendants properly invoked that procedure. We therefore examine those arguments.
 
 
 26
 The Dredge Corporation contends that summary judgments could not, in any event, have been granted because the pleadings raised a number of genuine issues as to material facts; however, none of such issues were disclosed. The corporation seeks to invoke the rule that a summary judgment may not be entered where there is a genuine issue as to any material fact. Rule 56(c), Federal Rules of Civil Procedure; Britt v. Damson, 9 Cir., 334 F.2d 896, 902.
 
 
 27
 The claims stated in the complaint in the Palmer case and in the amended complaint in the Penny case are predicated on the asserted invalidity of certain administrative decisions and orders. The court proceeding, therefore, was essentially one to review those decisions and orders pursuant to section 10(e) of the Administrative Procedure Act, 5 U.S.C. § 1009(e).
 
 
 28
 In such a proceeding the plaintiff is not entitled to a de novo hearing in the district court. Adams v. United States, 9 Cir., 318 F.2d 861, 866-867. The only function the district court has with regard to the facts in such a procedure, if the question is raised, is to determine whether the administrative findings of fact are supported by substantial evidence on the record as a whole. Section 10(e) (5) of the Administrative Procedure Act, 5 U.S.C. § 1009(e) (5); Foster v. Seaton, 106 U.S.App.D.C. 253, 271 F.2d 836, 838-839.
 
 
 29
 A judicial determination of whether a finding of fact is supported by substantial evidence presents only an issue of law. Marion County Co-op Ass'n v. Carnation Co., D.C., 114 F.Supp. 58, aff'd, (8 Cir.) 214 F.2d 557. It is therefore subject to disposition by summary judgment. See Adams v. United States, supra, 318 F.2d at 867.
 
 
 30
 The Dredge Corporation argues also that the summary judgment is "void" because defendants did not serve and file with each motion for summary judgment proposed findings of fact, conclusions of law and proposed summary judgment, as required by Local Rule 7(d) (2). The corporation contends, in effect, that had proposed findings of fact been served and filed with the motion, it would have filed a concise statement of genuine issues, as called for by the second paragraph of Rule 7(d) (2).
 
 
 31
 Since, as noted above, a summary judgment may not be entered where there is a genuine issue as to any material fact, there is no fact-finding function in connection with the entry of such a judgment. It follows that no findings of fact are needed to support a summary judgment, and Rule 52(a), Federal Rules of Civil Procedure, expressly so provides.
 
 
 32
 The only legitimate purpose of district court rules requiring such motions to be supported by proposed findings of fact is to make known the specific facts deemed necessary to support the judgment. This is apparently regarded as a convenient means of calling to the attention of opposing counsel, and to the court, the facts relied upon as entitling the movant to summary judgment, so that the question of whether those facts are in issue may be examined. See Jamy Corporation v. Riddell, 9 Cir., 337 F.2d 11; Steckler, Motions Prior to Trial, 29 F.R. D. 299, 306-307.
 
 
 33
 As pointed out above, however, there can be no issue of fact in the district court concerning the sufficiency of the evidence taken in an administrative proceeding to support administrative findings. And neither party raised any other issue in the pleadings which would have required or permitted the reception of evidence in the district court. Local Rule 7(d) (2), therefore, served no purpose in these cases and accordingly the corporation was not prejudiced by the failure of defendants to comply with it by filing proposed findings of fact.
 
 
 34
 The remaining questions raised by The Dredge Corporation on these appeals are not of a kind which need to be decided in view of the remand which is being ordered.[15]
 
 
 35
 Defendants argue that the summary judgments can be sustained on a ground not relied upon by the district court which ground, they presumably contend, is not tainted by the lack of oral argument in the district court. This ground is that the Secretary is an indispensable party, but was not made a party to these actions.
 
 
 36
 This defense was raised in defendants' answers and in their motions for summary judgment. The district court, apparently believing that the defense was properly presented on the motion for summary judgment, held in its opinion and order on that motion that the Secretary was not an indispensable party, relying upon Adams v. Witmer, 9 Cir., 271 F.2d 29, 35-36.
 
 
 37
 The charge that an indispensable party has not been joined may not be determined on a motion for summary judgment because it does not go to the merits of the law suit, nor does it bar an action on the subject matter, but only operates to abate that particular action.[16] The failure to join an indispensable party possibly may be overcome by joining that party.[17] If this cannot be, or is not done, the action is subject to dismissal, but not with prejudice since this defense operates only to abate the particular action. That is not the result where there is a summary judgment for a defendant; to the contrary, the dismissal of the action is then with prejudice.
 
 
 38
 The question of whether the Secretary is an indispensable party was therefore not properly before the district court on the motion for summary judgment. The question may nevertheless be considered by this court as if raised here for the first time since it is futile to attempt the adjudication of interests not represented before the court.[18]
 
 
 39
 In our view, the relief here sought is considerably broader than that sought in Adams v. Witmer, 9 Cir., 271 F.2d 29, 35-36, wherein it was held that since injunctive relief against local officials was all that was requested, it was not necessary to join the Secretary. Here broad declaratory relief, in addition to injunctive relief, is sought, and in the Penny case, unlike Witmer, the validity of patents is involved.
 
 
 40
 In view of the character of relief sought in this case the Secretary is an indispensable party. Our disinclination to broaden the application of Adams v. Witmer is influenced by the fact that when that case was decided, a suit against an agency head whose official residence was Washington, D. C., had to be brought in the District Court of the District of Columbia. A holding that an agency head was not indispensable thus spared the plaintiff the hardship of suing in, or having his case transferred to, a remote judicial district. See Pedreiro v. Shaughnessy, 349 U.S. 48, 53, 75 S.Ct. 591, 99 L.Ed. 868; 3 Davis, Administrative Law, § 27.08, pages 596-597.
 
 
 41
 But, with the enactment of 76 Stat. 744, 28 U.S.C. § 1391(e) (1962), the agency head in a suit such as this can be sued where the real property involved in the action is situated. It follows that a holding against indispensability no longer serves the purpose of avoiding hardships of the kind referred to above. In this case, after remand and pursuant to 28 U.S.C. § 1391(e), the corporation will have an opportunity, without destroying venue, to join the Secretary as a party defendant in each suit.
 
 
 42
 The judgments are reversed and the causes are remanded for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 In the Penny case, the defendants are J. Russell Penny, Nevada State Supervisor of the Bureau, and Harold C. Hammitt, Manager of the Bureau's Reno Land Office. Also named as defendants are "John Does 1-300 and Jane Does 1-300, inclusive," but there are no allegations identifying them or stating their connection with the described transactions. In the Palmer case, the defendants are E. J. Palmer, Nevada State Supervisor of the Bureau, and James E. Keogh, Jr., Manager of the Bureau's Reno Land Office. The fact that different individuals are named as occupants of the same official positions in the two cases is accounted for by the fact that the respective transactions occurred at different periods of time
 
 
 [2]
 Reference to the nature of such proceedings is made in Cameron v. United States, 252 U.S. 450, 459-460, 40 S.Ct. 410, 64 L.Ed. 659. See, also, Adams v. United States, 9 Cir., 318 F.2d 861, 863, note 1
 
 
 [3]
 On January 3, 1961, the corporation petitioned the Secretary to exercise his supervisory authority to grant a rehearing and reconsideration of the decision of the Deputy Solicitor. The Deputy Solicitor rejected this petition on January 17, 1961
 
 
 [4]
 In this decision the hearing examiner also rejected an application for a patent which the corporation had filed with regard to these eight claims. Apparently no patent application was involved with regard to the claims in the Palmer case
 
 
 [5]
 On November 28, 1960, the corporation petitioned the Secretary to exercise his supervisory authority to set aside the decision of the Deputy Solicitor and direct that a new hearing be held. Elmer F. Bennett, Under Secretary of the Interior, granted this petition on January 16, 1961. On March 3, 1961, however, the newly-appointed Secretary, without notice or hearing, revoked the order of January 16, 1961
 In the early part of 1961, the corporation allowed certain contractors to go upon certain of the Penny claims, to build roads, dig test pits, do other development work, and to remove sand and gravel for commercial sale and use. The Reno Land Office had previously, without notice or hearing, granted to a privately-owned public utility company a right of way across some of these claims for a power transmission line.
 
 
 [6]
 In its amended complaint in the Penny case, the corporation also asserted that it is entitled to an agency rehearing under the petition that was granted by the Under Secretary on January 16, 1961, and thereafter revoked
 
 
 [7]
 In the Penny case, the corporation also sought to enjoin Hammitt from issuing any Small Tract leases on the claims involved in that case, and from issuing or approving for issuance any patents on these claims to Small Tract applicants
 
 
 [8]
 In the Palmer case, there is excepted that part of the examiner's decision which upheld the validity of six claims
 
 
 [9]
 The amended complaint in the Penny case contains a notation that the plaintiff would rely upon the memorandum of points and authorities filed with its original complaint. The latter memorandum has not been made a part of the record on that appeal. It may be assumed, however, that this memorandum is generally similar to the memorandum of points and authorities which was filed in support of the complaint in the Palmer case, a copy of which is contained in the record on that appeal
 
 
 [10]
 Under Local Rules 7(b) and (d) (1), of the United States District Court for the District of Nevada, a memorandum of points and authorities in opposition to a motion is not called for unless oral argument has been granted and a notice of the hearing of such argument has been served upon the party opposing the motion by the clerk of this court. Since the court did not permit oral argument the corporation was therefore not called upon to file such a memorandum
 
 
 [11]
 
 "RULE 7.
 
 "Motions and Other Matters
 
 * * * * *
 "(b) Notice to be Given by Clerk.
 "Upon the filing of a motion or any other paper required to be served on the opposite party or his attorney, if oral argument shall be permitted by the court, the clerk of the court shall notice the matter for hearing at a time at least ten days after the date of service, or at such time thereafter as may be convenient to the Court.
 "(c) Motions Submitted.
 "Motions, in general, shall be submitted and determined upon the motion papers herein referred to. Except in the event of a motion to retax costs under Rule 18(c) hereof, oral arguments shall be permitted only upon written application attached to the motion, and then only upon proper showing made."
 
 
 [12]
 Strictly read, the rule does not even contemplate the ordering of oral argument on the court's own motions. Local Rule 7(c) specifically states that "* * * oral arguments shall be permitted only upon written application attached to the motion." This court has previously had occasion to characterize Local Rule 7 as a "peculiar rule." See Pioche Mines Consolidated, Inc. v. Dolman, 9 Cir., 333 F.2d 257, 269
 
 
 [13]
 Ziegler v. Akin, 10 Cir., 261 F.2d 88, 91; 6 Moore's Federal Practice (2d ed.) § 56.03, page 2025
 
 
 [14]
 We do not specifically rest this conclusion on due process grounds, nor do we disclaim this basis for the view expressed. The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved. The right of oral argument as a matter of procedural due process, as the Supreme Court has said, "* * * varies from case to case in accordance with differing circumstances, as do other procedural regulations." Federal Communications Commission v. WJR, 337 U.S. 265, 276, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353. See, also, Sun Oil Company v. Federal Power Commission, 5 Cir., 256 F.2d 233, 240-241
 
 
 [15]
 Among these questions is that of whether it was the duty of the corporation, in aid of its contention that the administrative findings were not supported by substantial evidence, or the duty of defendants, in aid of their contention that they were entitled to judgment as a matter of law, to arrange for the filing of the administrative record. As indicated above, neither plaintiff nor defendants did so. But we need not decide the question since the district court, of its own motion, called upon the United States Attorney to provide the administrative transcript of testimony. The district court appears not to have requested the administrative exhibits, and they were not supplied. These documents are a part of the administrative record which should have been considered. In the further proceedings to be had following remand, the United States Attorney, whom the district court called upon with regard to the administrative record, can arrange to supply these documents
 
 
 [16]
 See Ziegler v. Akin 10 Cir., 261 F.2d 88, 91; Heyward v. Public Housing Administration, 5 Cir., 238 F.2d 689, 694; Cowling v. Deep Vein Coal Co., 7 Cir., 183 F. 2d 652, 656; 6 Moore's Federal Practice (2d ed.) § 56.03, pages 2025-2026
 
 
 [17]
 See Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332, 335. This would not be true in a diversity case if the citizenship of the indispensable party who is omitted is the same as that of an adverse party. See 3 Moore's Federal Practice (2d ed.) § 19.05(2), pages 2145-2146
 
 
 [18]
 See Hoe v. Wilson, 9 Wall. 501, 76 U.S. 501, 503-504, 19 L.Ed. 762; Flynn v. Brooks, 70 App.D.C. 243, D.C., 105 F.2d 766, 767; 3 Moore's Federal Practice (2d ed.) § 19.05(2) page 2147