107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carrell Adrin HAUGHT, Defendant-Appellant.
 No. 96-16275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 27, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carrell Adrin Haught appeals pro se the district court's grant of summary judgment in favor of the United States and issuance of an injunction requiring him to submit a plan of operations and post a reclamation bond for his unpatented lode mining claims located in Arizona's Tonto National Forest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Haught contends that the district court erred by granting summary judgment for the United States because the United States Forest Service ("USFS") did not have the authority to require Haught to submit a plan of operations or to post a reclamation bond. This contention lacks merit.
 
 
 4
 We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. "Whether a plan of operation is required is a question of law that we review de novo." United States v. Brunskill, 792 F.2d 938, 940 (9th Cir.1986).
 
 
 5
 The General Mining Law of 1872, 30 U.S.C. § 22, permits an individual to "enter and explore land in the public domain in search of valuable mineral deposits." Swanson v. Babbitt, 3 F.3d 1348, 1350 (9th Cir.1993). If minerals are discovered, the claimant may file a mining claim with the Bureau of Land Management which, if approved, entitles the claimant to exclusive possession of that claim. Id. Ownership of a mining claim does not confer fee title in the land to the claimant, unless that mining claim is patented. Id.
 
 
 6
 The Organic Administration Act of 1897, 16 U.S.C. §§ 478 & 551, authorizes the Secretary of Agriculture to promulgate rules and regulations for the protection and preservation of national forests. United States v. Weiss, 642 F.2d 296, 298 (9th Cir.1981). The purpose of these regulations is to ensure that authorized mining operations are "conducted so as to minimize adverse environmental impacts on National Forest System surface resources." 36 C.F.R. § 228.1; see also Brunskill, 792 F.2d at 940. "If the District Ranger determines that such operations will likely cause significant disturbance of the surface resources, the operator shall submit a proposed plan of operations to the District Ranger." 36 C.F.R. § 228.4(a).
 
 
 7
 Here, the complaint alleges that Haught violated various regulations by maintaining structures, vehicles, and equipment on the subject lands in the Tonto National Forest without first submitting a plan of operations and posting a reclamation bond. See 36 C.F.R. §§ 228.4, 228.5, 261.9, and 261.10. It is undisputed that Haught refused to obtain a plan of operations or post a reclamation bond.
 
 
 8
 Haught's argument that the "claims validity adjudication in 1963 and 1964 resulted in a grant of rights to [Haught] tantamount to fee title" is without merit because Haught's mining claims were not patented and he has not applied for a patent. See Swanson, 3 F.3d at 1350. Haught's additional argument that the applicable regulations do not apply to him since the regulations were promulgated in 1978 and Haught's mining activities pre-date 1978 is without merit. The "regulations apply to operations hereafter conducted under the United States mining laws of May 10, 1872...." 36 C.F.R. § 228.2; see also Brunskill, 792 F.2d at 939 (applying the regulations to a mining claim purchased in 1959).
 
 
 9
 Although Haught concedes that he has "worked" the claims since 1977, he argues that he should not be required to submit a plan of operations because he is not conducting "mining operations" and does not "intend to do so for the foreseeable future." If Haught intends to cease operations temporarily, he must file a statement to that effect with the District Ranger and appropriate procedures may ensue. 36 C.F.R. § 228.10; see also Brunskill, 792 F.2d at 940. If Haught intends to maintain the structures on the surface of his mining claim for present or future mining operations, he is subject to the requirement that he submit a plan of operations. See id. at 941.
 
 
 10
 Because the USFS has the power to require Haught to submit a plan of operations and post a reclamation bond or file a statement of intent to cease operations, see id., the district court did not err by granting summary judgment for the United States, see Bagdadi, 84 F.3d at 1197. Moreover, the district court did not err by enjoining Haught from further mining activity until he submitted a plan of operations and posted a reclamation bond. See Brunskill, 792 F.2d at 941; Weiss, 642 F.2d at 299.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Haught's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While district courts should not grant summary judgment motions without a hearing if the nonmoving party requests oral argument, see Dredge Corp. v. Penny, 338 F.2d 456, 461 (9th Cir.1964), the failure to conduct a hearing is only reversible error if there is a showing of prejudice, see Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 728-729 (9th Cir.1991). Here, Haught was represented by counsel below and filed a written opposition to summary judgment. Because Haught has not shown that he was prejudiced by the denial of oral argument, we reject Haught's contention that he should have been allowed to argue his opposition to summary judgment before the district court. See id