**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Paul J. PHILLIPS, Defendant—
Appellant.**

No. 04–50549.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided June 1, 2005.

Brian M. Hoffstadt, Esq., Tyson Walch, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

### MEMORANDUM *

Paul J. Phillips appeals the district court's revocation of his term of supervised release and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the sentence and reverse and remand, with instructions to reassign the case on remand.

█ The district court violated clear due process requirements when it refused to allow Phillips to present his argument[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that the court had ordered Phillips

regarding whether parole should be revoked.[2] In addition, it failed to set forth its reasons for revoking supervised release in a manner that would allow this court "to determine the basis of [its] decision." [3]

■ We cannot conclude that the due process violations in question were harmless beyond a reasonable doubt.[4] Phillips had completed all the requirements of supervised release but one, and he had a job and an employer who was interested in hiring him full time. A court hearing and considering his argument, as well as the Government's recommendation, might well have concluded that revocation of supervised release was unwarranted.[5] Moreover, the district court record "must clearly reflect that the court considered the position of each of the parties and identify the basis on which the court resolved any disputes at the time of the hearing." [6] The record does not do so in this case. Accordingly, we vacate the sentence, and reverse and remand with instructions to reassign this case upon remand.

REVERSED and REMANDED with instructions to reassign this case upon remand.

BEA, Circuit Judge, concurring.

to present argument at the hearing, not in prior briefing, and that Phillips had filed no briefing before the hearing. Thus, we do not face the issue of whether oral argument is always necessary in this context.

2. *See Morrissey v. Brewer*, 408 U.S. 471, 487—88, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (requiring a hearing *"prior to* the final decision on revocation") (emphasis added). We reject the Government's contention that the district court's revocation of supervised release early in the hearing was somehow tentative. It is clear from the record that the only argument the court considered concerned sentencing, not revocation.

BEA, Circuit Judge.

The majority holds that the district court violated Phillips' due process rights by foreclosing oral argument. I respectfully disagree. The Fourth Amendment does not dictate that oral argument is required, but rather that a person on supervised release be given the "opportunity to be heard and to show, if he can, that he did not violate the conditions of his parole." *See United States v. Morressey*, 408 U.S. 471, 487–88, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Here, the district court afforded Phillips the due process to which he was entitled by giving him the opportunity to be heard and to show why a violation had not occurred. Phillips availed himself of that opportunity by submitting written evidence. At the hearing, Phillips did not contend that he was being denied a meaningful opportunity to be heard. On the contrary, Phillips' counsel stated "It is our intent to submit on what has been submitted and argued as to why we believe he's not in violation." Thus, Phillips due process rights were not violated by the lack of oral argument at the hearing. See *Federal Communications Comm'n v. WJR, The Goodwill Station, Inc.*, 337 U.S. 265, 276, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949);

3. *United States v. Sesma–Hernandez*, 253 F.3d 403, 408 (9th Cir.2001) (internal quotation marks and citations omitted).

4. *See United States v. Gonzalez–Torres*, 309 F.3d 594, 600 (9th Cir.2002); *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir.1998).

5. *Gonzalez–Torres*, 309 F.3d at 600 (stating that reversal is necessary unless "there is no reasonable possibility that the error materially affected the [judgment]").

6. *Sesma–Hernandez*, 253 F.3d at 409.

*Dredge Corp. v. Palmer,* 338 F.2d 456, 462 n. 14 (9th Cir.1964).