UNITED STATES of America, Plaintiff,

v.

WASTECONTROL OF FLORIDA, INC., Defendant.

No. 88–502–Civ–J–14.

United States District Court, M.D. Florida, Jacksonville Division.

July 5, 1989.

---

**402**

Dorothea Beane, Asst. U.S. Atty., Lawrence W. Puckett, Environmental Enforcement Section, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., and Robert W. Caplan, U.S. E.P.A., Atlanta, Ga., for plaintiff.

Charles H. Tisdale, Jr., King & Spalding, Atlanta, Ga., and John A. DeVault, III, Bedell, Dittmar, DeVault & Pillans, P.A., Jacksonville, Fla., for defendant.

## ORDER

SUSAN H. BLACK, District Judge.

### I. *Introduction*

This case is before the Court on Plaintiff United States' Motion For A Ruling As To The Appropriate Standard And Scope Of Review Of Agency Action And To Limit The Scope Of Discovery, filed on November 21, 1988. Defendant filed a response in opposition on December 8, 1988. The Court directed plaintiff, in an order issued January 24, 1989, to file a reply to defendant's response. Plaintiff filed a reply on February 10, 1989. Defendant filed a response to plaintiff's reply memorandum on March 6, 1989.

The United States filed a Complaint against Wastecontrol on June 20, 1988. Prior to the filing of the Complaint, the Environmental Protection Agency [hereinafter "EPA"], conducted a Remedial Investigation and Feasibility Study on the Hipps Road Landfill Site [hereinafter "Site"], pursuant to section 104(b) of CERCLA, 42 U.S.C. 9604(b). In the Record of Decision [hereinafter "ROD"], signed on September 3, 1986, the EPA determined that "certain response actions are necessary to abate the release or threatened release of hazardous substances, pollutants and contaminants at the Site and the resulting harm or threat of harm to the public health or welfare or the environment." Complaint at ¶ 17. A Partial Consent Decree agreed to by the parties was entered on January 26, 1989. In

the Partial Consent Decree, "Settlor agrees to perform all aspects of the remedy selected by EPA except the construction and operation of the ground water recovery and treatment system." Partial Consent Decree at 11. The remaining issue before the Court is whether or not Wastecontrol is liable for the response costs incurred by the United States for the construction and implementation of the ground water recovery and treatment system.

The United States argues in the instant motion that section 113(j), 42 U.S.C. § 9613(j), of the Comprehensive Environmental Response, Compensation, and Liability Act [hereinafter "CERCLA"], requires that judicial review of EPA response actions be limited to the administrative record promulgated by the EPA. The United States contends that the court must review only the EPA administrative record to determine if the EPA decision was arbitrary and capricious. Additionally, even though the ROD was completed September 3, 1986, before § 113(j) became effective, the United States argues that the standard of review articulated in § 113(j) should apply retroactively to this action.

Wastecontrol asserts that the government's motion is premature because the administrative record has not been lodged with the Court[1] and its sufficiency has therefore not been tested. Wastecontrol requests that the Court require the United States lodge the administrative record with the Court and set a briefing schedule on the issue of the sufficiency of the record. Wastecontrol argues that § 113(j) does not apply to the instant action because that section of CERCLA did not exist when the administrative record was being developed. Wastecontrol also suggests that even if the Court found § 113(j) to apply retroactively, the United States claim for injunctive relief requires a de novo trial on the ground water extraction and treatment issue.

## II. *Section 113(j) of CERCLA*

The Superfund Amendment and Reauthorization Act of 1986 [hereinafter "SARA"], added § 113(j) to the CERCLA legislation, 42 U.S.C. § 9613(j). Section 113(j), effective October 17, 1986, requires that judicial review of EPA response actions be limited to the administrative record to determine whether or not the decision was arbitrary and capricious. In pertinent part, § 113(j) provides:

(j) Judicial review

(1) Limitation

In any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record. Otherwise applicable principles of administrative law shall govern whether any supplemental materials may be considered by the court.

(2) Standard

In considering objections raised in any judicial action under this chapter, the court shall uphold the President's decision ... unless the objecting party can demonstrate on the administrative record, that the decision was arbitrary and capricious or otherwise not in accordance with law.

42 U.S.C. § 9613(j)

### A. *Judicial Review of EPA Response Actions*

When courts review EPA response actions under CERCLA legislation, they review the EPA administrative record to determine if the response actions were arbitrary and capricious, as is required by § 113(j),. *See, e.g., United States v. Seymour Recycling Corp.,* 679 F.Supp. 859, 861 (S.D.Ind.1987), *appeal pending,* No. 87–8045 (7th Cir.); *United States v. Nicolet,* No. 85–3060, slip op. at 8, 1987 WL 4893 (E.D.Pa., May 12, 1987); *United States v. Mattiace Industries, Inc.,* No. 86–1792, 1987 WL 47784 (E.D.N.Y. Sept. 24, 1987). Because EPA work is of such a technical nature, the choice of a particular cleanup method must be within EPA discretion and judged on the arbitrary and capri-

---

**1.** The United States filed the Administrative Record, consisting of 13 volumes, on March 6, 1989.

cious standard. *United States v. Northeastern Pharmaceutical*, 810 F.2d 726 (8th Cir.1986) ("Because determining the appropriate removal and remedial action involves specialized knowledge and expertise, the choice of a particular cleanup method is a matter within the discretion of the EPA."); *United States v. Ward*, 618 F.Supp. 884 (D.C.N.C.1985) ("In the end, however, the EPA is required to act upon the informed scientific opinion of its employees. The agency's decision is, therefore, entitled to great deference from the court."). Additionally, the EPA in its administrative proceedings gives the parties involved a complete opportunity to be heard and the administrative record generally reflects this. *Mattiace*, No. 86–1792, at 5.

As the House Report on the SARA amendments notes: "... limiting judicial review of response actions to the administrative record expedites the process of review, avoids the need for time-consuming and burdensome discovery, reduces litigation costs, and ensures that the reviewing court's attention is focused on the criteria used in selecting the response." H.R.Rep. No. 99–253, 99th Cong., 2d Sess. 81, *reprinted in* 1986 U.S.Code Cong. & Ad. News 2835, 2863.

Courts do sometimes find under limited circumstances that the administrative record must be supplemented. For example, if the administrative record does not disclose the factors considered in making a particular decision, then the court may require additional documentation to supplement the administrative record. *See, e.g., United States v. Nicolet*, No. 85–3060, slip op. at 8 (E.D.Pa. May 12, 1987). If the agency's asserted reasons for reaching a particular decision are inadequate, the court may require that the administrative record be supplemented. *Id.* at 9. Also, if there is a strong showing that the agency acted improperly or in bad faith, the record may need to be supplemented. *Seymour*, 679 F.Supp. at 859.

However, because the court, pursuant to § 113(j), is to review the administrative record to determine if a particular decision has been arbitrary and capricious, there generally will be no need for any discovery. The court in *Mattiace Industries* held that there would be no discovery without the court's express order. *Mattiace*, No. 86–1792, at 5. The court in *Mattiace* found that the moving defendant had no substantial reason for opening discovery and denied the motion to open discovery. *Id.* The court likewise in *Nicolet* found defendant's "vague assertions that the administrative record does not disclose the factors considered by the EPA or the agency's construction of evidence" unconvincing. *Nicolet*, No. 85–3060, at 9. The court granted the government's motion for a protective order, and did not allow the defendant to proceed with depositions. *Id.* at 9.

B. *Application of § 113(j) Retroactively to Pending Cases*

■ Wastecontrol also argues that § 113(j) should not be applied retroactively to the instant action because the administrative record in the case was developed before the section was added to the CERCLA legislation. Although the United States filed the Complaint against Wastecontrol on June 20, 1988, the ROD was signed September 3, 1986, and the administrative record developed before § 113(j) became effective. The Court then must determine whether or not § 113(j) applies to the instant case which was pending when CERCLA was amended.

The Supreme Court based its holding in *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) "on the principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary." *Id.* at 711, 94 S.Ct. at 2016. There is no indication in the CERCLA statute itself, or in the legislative history, indicating whether or not Congress intended the SARA amendments to apply only to those cases which began after its enactment. *See Seymour*, 679 F.Supp. at 862; *United States v. Rohm and Haas*, 669 F.Supp. 672, 676 (D.N.J.1987). The *Nicolet* court, in finding that the judicial review required by § 113(j) applied to an action in which the administrative record

was filed by the United States in 1984, stated that: "Because the amendments in question merely clarify the limitation on judicial review, the applicable standard of review and the remedies available upon judicial review, no substantive or vested rights are affected and the amendments are applicable to this action." *Nicolet*, No. 85–3060, at 8. The court in *Rohm and Haas* found that Congress actually intended § 113(j) to apply to ongoing cases. *Rohm and Haas*, 669 F.Supp. at 677. The *Rohm and Haas* court applied § 113(j) to the ongoing action in which the EPA issued its ROD in 1982. *Id.*

The Court finds nothing in the legislative history of CERCLA which prohibits the retroactive application of § 113(j), and notes substantial case law supporting its application. Additionally, the Court finds no manifest injustice to Wastecontrol if § 113(j) is applied to the instant action. The Court presumes, not being informed otherwise by the defendant, that the defendant participated fully in the development of the administrative record.

■ The Court therefore finds that § 113(j) requires the Court to review only the administrative record to determine if the EPA decision was arbitrary and capricious. If the defendant finds the record inadequate or believes that further information must be disclosed, the defendant may file a motion requesting that the Court supplement the administrative record or permit discovery on a narrow issue.

## C. Application of § 113(j) to EPA claim for Injunctive Relief

Defendant finally argues that § 113(j) should not be applied to the EPA claim for injunctive relief relating to the ground water treatment issue. Wastecontrol argues that a plain reading of § 113(j) and case law support its assertion that CERCLA § 106 actions for injunctive relief require a de novo trial on the merits.

■ The United States contends, and this Court agrees, that the Partial Consent Decree resolves the issue as to the remedies for the hazardous conditions at the Site. The United States Complaint against Wastecontrol sought injunctive relief pursuant to CERCLA § 106, specifically the performance of the remedies selected by EPA for the Hipps Road site, and recovery of response costs pursuant to CERCLA § 107.[2] Wastecontrol did not agree to construct and implement the ground water recovery and treatment system in the Partial Consent Decree.[3] However, Wastecontrol agreed to design the ground water recovery and treatment system. *Id.* The EPA will construct, operate and maintain the system and then seek recovery from Wastecontrol for all costs, pursuant to CERCLA § 107. *Id.* The injunctive relief requested by the United States Complaint has therefore been resolved.[4]

The sole issue remaining for the Court then is whether or not Wastecontrol should be liable for the response costs the United States has incurred and will incur in con-

---

**2.** The Prayer For Relief in the Complaint states: WHEREFORE, Plaintiff prays that this Court:

1. Enjoin Wastecontrol of Florida, Inc. to abate the actual or threatened release of hazardous substances, pollutants and contaminants at the Hipps Road Landfill Site, and remedy the hazardous conditions presented to public health or welfare or the environment as a result of releases or threatened releases at the Site;

2. Enter judgment pursuant to section 107 of CERCLA, 42 U.S.C. § 9607, in favor of the United States against Wastecontrol of Florida, Inc. for $1,190,723.89, plus interest, which amount comprises the amount of response costs, calculated through July 1987, incurred by the United States at or in connection with the Hipps Road Site pursuant to section 104 of CERCLA, 42 U.S.C. § 9604;

3. Enter a declaratory judgment pursuant to section 107 of CERCLA, 42 U.S.C. § 9607, in favor of the United States against Wastecontrol

of Florida, Inc. for all response costs incurred to date plus interest, and for all future response costs to be incurred, by the United States at or in connection with the Hipps Road Site pursuant to section 104 of CERCLA, 42 U.S.C. § 9604 . . .

**3.** The Partial Consent Decree contains the following: "Settlor contends that construction and operation of a ground water recovery and treatment system is not legally required, necessary or appropriate to protect public health, welfare or the environment." Partial Consent Decree at 11.

**4.** Because the Court finds that the injunctive relief prayed for in the Complaint has been resolved, the Court need not reach the issue of whether or not § 113(j) applies to injunctive actions.

structing and operating the ground water recovery and treatment system. In making that determination, the Court must review the administrative record to determine if the EPA decision to implement the system was arbitrary and capricious. Section 113(j) applies to the review of this EPA action. Section 113(j) provides in pertinent part that "In *any* judicial action under this chapter, judicial review of *any issues* concerning the adequacy of *any response action* taken ... shall be limited to the administrative record." (emphasis added).

The Court finds that the ground water treatment and recovery system is just the kind of response action contemplated by § 113(j), requiring limited review on the administrative record. As the House Report indicated,[5] the Court must focus its attention on the criterion used in selecting a particular response to determine if the EPA decision was arbitrary and capricious.

### III. *Conclusion*

The Court finds that § 113(j) of CERCLA applies to the ground water recovery and treatment system issue in the instant case. The Court will therefore grant the Plaintiff United States' Motion For A Ruling As To The Appropriate Standard And Scope Of Review Of Agency Action And To Limit The Scope Of Discovery, filed November 21, 1988.

Accordingly, it is

ORDERED:

1. That Plaintiff United States' Motion For A Ruling As To The Appropriate Standard And Scope Of Review Of Agency Action And To Limit The Scope Of Discovery, filed November 21, 1988, is granted.

2. That the Court shall limit its review to the administrative record.

3. That there shall be no discovery conducted in this case without the Court's express approval.

DONE AND ORDERED.