**STATE OF CALIFORNIA DEPART-MENT OF TOXIC SUBSTANCES CONTROL, Plaintiff,**

v.

**ALCO PACIFIC, INC., et al., Defendants,**

**And Related Counterclaims.**

**No. CV 01–9294 SJO(FMOX).**

United States District Court, C.D. California.

May 7, 2004.

---

Edward Henry Ochoa, CAAG Office of Attorney General of California, San Diego, CA, Sean B Hecht, Los Angeles, CA, for Plaintiff.

Charles H Pomeroy, IV, Michael J Stiles, Caren J Dawson, McKenna Long & Aldridge, David R Gabor, Terrence Mann, McDermott Will & Emery, Los Angeles, CA, Bruce Sperling, Sperling & Slater, Steven P Handler, Todd R Wiener, Mark A Bilut, McDermott Will Emery, Chicago, IL, Michele B Corash, Lauren M Michals, Aaron P Avila, James M Schurz, Morrison & Foerster, San Francisco, CA, Coralie Kupfer, Kupfer Law & Mediation, Pasadena, CA, Colin Lennard, Patricia Jean Chen, Fulbright & Jaworski, Walter A Stringfellow, Lisa Schwartz Tudzin, Stringfellow & Associates, Chris M Amantea, Brandon J Roker, McDermott Will & Emery, Gary A Hamblet, A Steven Dotan, Rebecca S Glos, Breidenbach Huchting & Hamblet, Los Angeles, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO THE APPROPRIATE SCOPE AND STANDARD OF REVIEW OF AGENCY ACTION

OTERO, District Judge.

The court has before it Plaintiff State of California Department of Toxic Substances Control's ("DTSC") Motion for Summary Judgment as to the Appropriate Scope and Standard of Review of Agency Action. On February 06, 2004 Defendants' Motion for Summary Judgment with respect to the useful product exemption was granted, resolving all claims against many of the Defendants. A handful of defendants including J.L. Shepherd and Associates ("J.L.Shepherd"), Exide Technologies ("Exide") and Lead Products Company, Inc. ("LPI") remain in the case. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7–15, the court finds that this matter is appropriate for decision without oral argument. Having thoroughly considered the points of law and arguments submitted by counsel for Defendants and Plaintiff, Plaintiff's Motion for Summary Judgment is hereby GRANTED.

### I. BACKGROUND

As the court explained in greater detail in the Opinions and Orders addressing the previous two Motions for Summary Judgment, this is a cost recovery action brought by the State of California, Department of Toxic Substances Control, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). The state seeks reimbursement of costs incurred cleaning the site of

a former lead processing facility in Carson, California, as well as a declaration that it is entitled to recoup future costs. The facility in Carson occupied a one-acre parcel of land and it is known as the Alco Pacific Site (the "Site" or "Alco Pacific Site"). Defendants Alco Pacific, Inc. and Morris P. Kirk (*collectively* "Alco Pacific") owned and operated the Site from approximately 1950 to 1990. (*See generally* Order of February 06, 2004.)

The moving parties sent material to the Alco Pacific Site while the Site was in operation. The material included lead ingots, cuttings, dross and slag. Plaintiff alleges the material sent to the Site by Defendants contributed to contamination at the Site. On November 17, 2003, Defendants filed a Motion for Summary Judgment raising two issues: (1) whether the materials sent by Defendants to the Site fall under the useful product exemption; and (2) whether the materials otherwise fall under the exemption for recycling of scrap metal ("Recycling Exemption" or "Section 127"). Co–Defendant J.L. Shepherd joined in the motion. The motion did not address J.L. Shepherd's alleged liability for Cesium–137 contamination on the Site. The matter came before the court for hearing on January 16, 2004. As already noted, on February 06, 2004, the court granted the motion, resolving all claims against the moving parties except for claims against J.L. Shepherd related to Cesium–137 contamination. (Order of February 06, 2004.) Defendants subsequently moved for summary judgment regarding the statute of limitations. That motion was denied on March 03, 2004.

Defendants' Motion presents a legal question. There are no facts in dispute.[1] As an affirmative defense, each Defendant avers Plaintiff DTSC's response actions are "inconsistent with the national contingency plan." (P. & A., at p. 2; *quoting* First Am. Answer by Def. Alco Pacific, Inc. p. 7, lines 1–4 (July 23, 2002).) According to Plaintiff, each Defendant "alleges this affirmative defense because DTSC may recover, from any responsible party under CERCLA, only those 'costs of removal or remedial action ... not inconsistent with the national contingency plan." (P. & A., at p. 2:19–22; 42 U.S.C. § 9607(a)(4)(A).)[2] Plaintiff explains the

---

**1.** Neither party filed a statement of alleged uncontroverted facts. If a motion for summary judgment only raises questions of law, there is no need to file a separate statement of alleged facts. *Dredge Corp. v. Penny*, 338 F.2d 456, 462 (9th Cir.1964).

**2.** Section 9607 concerns liability. The statute provides, in part:

(a) Covered persons; scope; recoverable costs and damages; interest rate; "comparable maturity" date. Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for—

(A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;

(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan;

national contingency plan ("NCP") "is a federal regulation that identifies the types of response actions (in CERCLA terms, 'removal' or 'remedial' actions) that the United States, a state, an Indian tribe, or a private party may undertake in response to releases or threats of releases of hazardous substances." (*Id.* at p. 2:22–26; *citing* 40 C.F.R. Part 300 *et seq.*) In order to the limit the extent of Plaintiff's recovery, Defendants plan to accuse DTSC of departing from the NCP in responding to the contamination on the Site. (*See* P. & A., p. 3:1–10.) When there are no facts in dispute and the only issue raised is a question of statutory interpretation, for example the legislative intent behind a given law, it is appropriate to decide the issue by summary judgment. *See e.g. Edwards v. Aguillard,* 482 U.S. 578, 594, 107 S.Ct. 2573, 96 L.Ed.2d 510 (1987).

## II. *DISCUSSION*

Plaintiff cites *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *and Camp v. Pitts,* 411 U.S. 138, 141, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) to support the proposition that judicial review of an administrative agency action is generally limited to review of the record on which the administrative decision was based. (P. & A., p. 4:2–16.) Arguing that this principle is enshrined in statute with respect to CERCLA, Plaintiff quotes the following passage from CERCLA, 42 U.S.C. § 9613(j)(1):

> In any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action tak-

en or ordered by the President shall be limited to the administrative record. Otherwise applicable principles of administrative law shall govern whether any supplemental materials may be considered by the court. 42 U.S.C. § 9613(j)(1).

Emphasizing the term "the President" in the above quoted passage, Defendants [3] retort section § 9613(j)(1) applies only to federal agencies. (Opp'n. at pp. 6–8.)

Plaintiff cites to a series of cases, including *United States v. Iron Mountain Mines, Inc.,* 987 F.Supp. 1250, 1263 (E.D.Cal.1997); *United States v. Princeton Gamma–Tech, Inc.,* 817 F.Supp. 488, 494 (D.N.J.) *reversed on other grounds,* 31 F.3d 138 (3d Cir.1994); and *United States v. Shell Oil Co.* No. CV 91–0589 (C.D.Cal. Feb. 17, 1993), to support the proposition that judicial review of the state's response is properly limited to the administrative record. (P. & A, at p. 5.) Defendants, on the other hand, argue that the cited cases are inapposite because each case involved a joint federal and state cost recovery action. (Opp'n. at p. 8.)

Plaintiff also argues that judicial review of DTSC's response is properly limited to the administrative record pursuant to state law, California Health and Safety Code § 25357.5. (P. & A. at pp. 6–7.) Defendants rejoin that application of state law to a federal case would be inappropriate. (Opp'n. at pp. 9–10.)

Finally, Plaintiff contends "[t]he other component of 'record review' is evaluation of administrative actions under an arbitrary and capricious standard of review."

---

(C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; and

(D) the costs of any health assessment or health effects study carried out under sec-

tion 104(i), 42 U.S.C. § 9607(a) (emphasis added).

**3.** Defendants J.L. Shepherd, Morris P. Kirk and Alco Pacific, Inc., joined in the Opposition filed on behalf of RSR Corporation and Quernetco, Inc.—two defendants that are no longer part of this action.

(P. & A., p. 7.) Defendants do not dispute this point. Rather, they argue that judicial review should not be limited to review of the administrative record in the first place. (Opp'n. at pp. 9–10.) In addition, Defendants claim that DTSC's compilation of the administrative record was produced too late and compiled in an improper manner. (*Id.* p. 11.) Defendants complain that the administrative record was produced on November 12, 2003 and is made up of approximately six boxes of poorly labeled documents—making it difficult for Defendants to analyze the record. (*Id.*)

III. *ANALYSIS*

█ In the first two cases cited by Plaintiff *Citizens to Preserve Overton Park, supra,* 401 U.S. at 420, 91 S.Ct. 814; *and Camp, supra* 411 U.S. at 142, 93 S.Ct. 1241, the court held that the Administrative Procedure Act governs questions of judicial review. However, the Administrative Procedure Act only applies to federal agencies. *See* 5 U.S.C. § 701. Furthermore, as Defendants point out, the CERCLA statute Plaintiff relies on—42 U.S.C. § 9613(j)(1)—applies only to actions by the federal government: "judicial review of any issues concerning the adequacy of any response action taken or ordered by *the President* shall be limited to the administrative record." 42 U.S.C. § 9613(j)(1)(emphasis added). Furthermore, in at least three of the cases cited by Plaintiff (P. & A. at p. 5), *United States v. Iron Mountain Mines, Inc., supra,* 987 F.Supp. 1263 (1997); *United States v. Princeton Gamma–Tech, Inc., supra,* 817 F.Supp. at 494; *and United States v. Seymour Recycling Corp.,* 679 F.Supp. 859, 861 (S.D.Ind.1987), the moving party requesting a ruling regarding the standard of review was the government of the United States of America, not a state government. The government of the United States was also a plaintiff in two other cases cited by Plaintiff (P. & A., p. 5),

*United States v. Wastecontrol of Florida, Inc.,* 730 F.Supp. 401, 406 (M.D.Fla.1989); *and United States v. Mattiace Industries, Inc.,* No 86–1792, 1987 WL 47784, *2 (E.D.N.Y. Sept.25, 1987). The court in *United States v. Shell Oil Co.,* CV 91–0589 (C.D.Cal. Feb. 17, 1993)(attached as Ex. 1), engaged in no analysis and the federal government was also a plaintiff in that case.

In another case, however, cited by Plaintiff, *Arizona v. Motorola Inc.,* 139 F.R.D. 141, 149 (D.Ariz.1991), the court limited discovery to review of the administrative record. In *Motorola,* 139 F.R.D. at 143, plaintiffs were the State of Arizona and the City of Phoenix. After denying a motion to intervene, the court in *Motorola* held "[j]udicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record." *Id.* at 149 (*citing* H.R.Rep. No. 99–253, 99th Cong., 2d Sess., reprinted in 1986 U.S. CODE CONG. & ADMIN. NEWS 2863.) The court's decision in *Motorola* was based on a review of the congressional record. *See* id.

█ To determine congressional intent, this court first looks to the plain meaning of the statutory text. *See Alexander v. Sandoval,* 532 U.S. 275, 288, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001); *see also Russello v. United States,* 464 U.S. 16, 20, 104 S.Ct. 296, 78 L.Ed.2d 17, (1983) (instructing that in determining the scope of a statute, the court looks first to its language.) "If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *Russello, supra,* 464 U.S. at 20, 104 S.Ct. 296 (citations and internal quotations omitted). The parties in the instant case focus on the first line of 42 U.S.C. § 9613(j)(1), stating "judicial re-

view of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record." However the next line of the statute offers important guidance. In its entirety, the subsection states:

In any judicial action under this Act, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record. *Otherwise applicable principles of administrative law shall govern whether any supplemental materials may be considered by the court.* 42 U.S.C. § 9613(j)(1)(emphasis added).

As Defendants point out, the first sentence applies only to actions taken or ordered by the President. *Id.* Another section of CERCLA, 42 U.S.C. § 9607(a)(4)(A) allows state governments, Indian tribes and the federal government to seek reimbursement for costs incurred in removal or remedial action taken to clean up a site containing hazardous substances. 42 U.S.C. § 9607(a)(4)(A). Returning to subsection (j)(1) of 42 U.S.C. § 9613, *supra,* it appears that the second sentence refers to cost recovery actions instituted by parties other than the federal government, i.e. state governments and Indian tribes—the term "otherwise" referencing judicial review of actions taken by an entity other than the federal government. *See* 42 U.S.C. § 9613(j)(1). Following the language of the statute, the court must then apply the appropriate principles of administrative law to determine whether judicial review will be limited to the administrative record. More precisely, the question is whether "the applicable principles of administrative law" mandate that judicial review of state action be limited to review of the administrative record. This court answers that question in the affirmative and

holds that judicial review will be limited to the administrative record.

■ In reaching this conclusion, the court is mindful of a similar conclusion reached by the district court in *Motorola,* 139 F.R.D. at 149, where the court found that the congressional record supported its decision to limit judicial review to the administrative record. Defendants cite no authority to support the contrary proposition—that review should be expanded to matters outside the administrative record. (*See generally,* Opp'n.) Moreover, there appears to be no logical reason as to why actions taken by federal and state governments are subject to different procedures or standards of review. Yet Defendants would like to impose a two-track system on the courts whereby actions taken by federal agencies are subject to review solely on the basis of the administrative record, while actions taken by state agencies are subject to broader review. It would appear, however, that general principles of administrative law suggest the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743–44, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985) (*quoting Camp v. Pitts, supra,* 411 U.S. at 142, 93 S.Ct. 1241); *see also Citizens to Preserve Overton Park, supra,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). In the context of ERISA litigation, for example, judicial review of an administrator's decision to grant or deny benefits is usually restricted to the administrative record. *Newman v. Standard Ins. Co.,* 997 F.Supp. 1276, 1280–81 (C.D.Cal.1998); *and Taft v. Equitable Life Assur. Soc.,* 9 F.3d 1469, 1471 (9th Cir.1993) In sum, it appears the general principles of administrative law suggest that judicial review should

limited to the administrative record. *See* 42 U.S.C. § 9613(j)(1). Therefore, pursuant to the language in section 9613(j)(1), this court will not look past the administrative record in determining whether Plaintiff DTSC deviated from the NCP in responding to contamination at the Site.

Finally, Defendants also argue that Plaintiff produced the administrative record too late. However, the administrative record was produced on November 13, 2003, nearly four months prior to the filing date of the instant motion. Trial is presently set for August 08, 2004. Defendants have more than enough time to review the record.[4]

## IV. *RULING*

Plaintiff State of California Department of Toxic Substances Control's Motion for Summary Judgment as to the Appropriate Scope and Standard of Review of Agency Action is hereby GRANTED.

---

[4.] Defendants raise two other arguments: (1) that Plaintiff failed to meet and confer prior to the filing of the instant motion; and (2) the instant motion is untimely because it should be brought as a motion *in limine*. It is the court's understanding that the parties discussed the filing and briefing of the instant motion in the presence of the court months in advance. As a result, the first argument lacks merit. On the second point, Rule 56 of the Federal Rules of Civil Procedure provides no such limit on issues raised through motions for summary judgment. *See* Fed.R.Civ.P. Rule 56. Indeed, the question presented in the instant motion is suitable for resolution at an early stage because it is a purely legal question and it would be waste of resources for the court and the parties to engage in useless discovery when judicial review will be limited at trial to the administrative record.